# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTIAN GARCIA-ALVAREZ, on behalf of himself and those similarly situated,

    Plaintiff,

v.

FOGO DE CHAO CHURRASCARIA (PITTSBURGH) LLC, a foreign limited liability Company, FOGO DE CHAO CHURRASCARIA (KING OF PRUSSIA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (PHILADELPHIA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (PHOENIX) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (CA HOLDINGS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (CALIFORNIA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (EL SEGUNDO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (IRVINE) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (LOS ANGELES) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (SAN DIEGO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (SAN FRANCISCO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (SAN JOSE) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (DENVER) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (PARK MEADOW) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (WASHINGTON, D.C.) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (ATLANTA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA

Case No. 2:20-CV-01345 -CCW

*Electronically Filed*

(DUNWOODY ATLANTA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (NAPERVILLE) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (CHICAGO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (OAK BROOK ILLINOIS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (OLD ORCHARD) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (ROSEMONT) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (INDIANAPOLIS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (NEW ORLEANS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (BALTIMORE) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (BETHESDA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (BOSTON) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (BURLINGTON) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (TROY) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (MINNEAPOLIS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (KANSAS CITY) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (ST. LOUIS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (LAS VEGAS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (SUMMERLIN) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (LONG ISLAND) LLC, a foreign limited liability company, FOGO DE CHAO 53RD STREET, NEW YORK LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (WHITE PLAINS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (PORTLAND) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (AUSTIN) LLC, a foreign limited liability

company, FOGO DE CHAO CHURRASCARIA (LEGACY PLANO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (DALLAS) LLP, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (DALLAS) LLC, a foreign limited liability company, FOGO DE CHAO (HOLDINGS) INC., a foreign profit corporation, FOGO DE CHAO CHURRASCARIA (HOLDINGS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (HOUSTON) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (SAN ANTONIO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (TEXAS GP) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (TYSONS) LLC, a foreign limited liability company, and FOGO DE CHAO CHURRASCARIA (BELLEVUE) INC., a foreign profit Corporation,

Defendants.
-------------------------------------------------------------

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION TO TRANSFER VENUE

This case is a wage-and-hour dispute between a Plaintiff residing in Florida and Defendants headquartered in Texas. Defendants move to transfer venue to the Eastern District of Texas for the convenience of the parties and witnesses, and in the interest of justice, under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a). Defendants have conferred with counsel for Plaintiff regarding this motion, and Plaintiff's counsel advised they do not oppose the requested venue transfer.

The named Plaintiff, described in the Complaint as a former "carver" and server at some of Defendants' restaurants, contends Defendants denied him, and other servers, carvers, and bartenders minimum wage for all hours worked by taking a tip credit while requiring tipped employees to participate in a purportedly invalid tip pool. ECF 13. The named Plaintiff intends to

3

pursue his claims in a nationwide collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., (the "FLSA"). *Id*. Although the named Plaintiff worked at multiple Fogo De Chao locations between 2016 and 2020 at restaurants in Georgia, Pennsylvania, and Florida, when his Complaint was filed, he resided in Florida. *Id*.

Defendants are headquartered in Plano, Texas, as the named Plaintiff alleges, which is encompassed by the federal judicial district of the Eastern District of Texas, Sherman Division. In his Complaint, the named Plaintiff contends Defendants' Texas headquarters acts as a common centralized control of labor and employment policies, and the policies and practices at issue in this litigation were formulated by Defendants' corporate office. *See* ECF 13.

### I. ARGUMENT

The Court should transfer this case to the Eastern District of Texas, Sherman Division, because it may have been brought in that district and division, for the convenience of the parties and witnesses, and because the parties consent to such transfer.

A. This Case Might Have Been Brought in the Eastern District of Texas, Sherman Division.

Section 1404(a) provides the Court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The threshold inquiry under § 1404(a) is whether the transferee district is proper." *Domtar AI Inc. v. J.D. Irving, Ltd*., No. CIV.A 14-0727, 2014 WL 1679713 at *2 (E.D. Pa. Apr. 25, 2014) citing *Jumara v. State Farm Ins. Co*., 55 F.3d 873, 878 (3d Cir. 1995). Here, venue is proper in the Eastern District of Texas, Sherman Division because Plaintiff does not oppose transfer of this case to the Eastern District of Texas, Defendants reside in the requested venue, and the named Plaintiff himself contends a substantial part of the events giving rise to his claims occurred there. 28 U.S.C. § 1391(c).

For venue purposes under 28 U.S.C. § 1391, a defendant resides in a judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2). With respect to a corporation, the place of incorporation and/or principal place of business are paradigm bases for general jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Defendants are headquartered and subject to general, personal jurisdiction in Plano, Texas. Venue is thus proper in the Eastern District of Texas, Sherman Division.

The requested venue is also proper because the named Plaintiff alleges a substantial part of the events giving rise to his claims occurred there. "In determining whether a substantial part of the events or omissions giving rise to a cause of action occurred in a specific jurisdiction, the test… is not the defendants' contacts with a particular district, but rather the location of those events or omissions giving rise to the claim." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012) (internal citations and quotation marks omitted).

Here, the named Plaintiff's claims concern alleged policies and practices he contends were created at Defendants' corporate headquarters. The creation of these policies and practices are the alleged events and omissions triggering his wage and hour claims. "[E]vents that trigger a dispute are substantial" for purposes of Section 1391. *Frank M. Sheesley Co. v. HES Constructors, Inc.*, No. CIV. A. 3:06-198, 2007 WL 2823482, at *3 (W.D. Pa. Sept. 26, 2007). Thus, this case might have been brought in the Eastern District of Texas, Sherman Division, because Plaintiff contends that a substantial part of the events giving rise to his claims occurred there.

 B. <u>The Court Should Transfer this Case for the Convenience of the Parties and Witnesses and in the Interest of Justice</u>

As shown above, venue is proper in the Eastern District of Texas, Sherman Division. Having established this, the Court must undertake a "balancing test to decide whether the convenience of the parties and witnesses and the interest of justice would be better served by a

5

transfer to a different forum." *Domtar AI Inc*., 2014 WL 1679713, at *2, citing *Jumara*, 55 F.3d at 878. This balancing test involves weighing private and public interest factors. Those factors show that transferring this case to the requested venue serves the convenience of the parties and witnesses and the interests of justice, and is therefore warranted under 28 U.S.C. § 1404 (a).

When evaluating a motion to transfer venue, courts in the Third Circuit have considered the following private interest factors: (1) each party's forum preference; (2) where the claim arose; (3) the convenience of the parties as indicated by their relative physical and financial conditions; (4) the convenience of the witnesses; and (5) the location of books and records. *Quantum Plating, Inc. v. Cent. Freight Lines, Inc*., 2011 WL 673913, at *6 (W.D. Pa. Feb. 17, 2011) citing *Jumara*, 55 F.3d 873 at 879.

Although a plaintiff's choice of venue is typically granted deference, such deference is not warranted when a plaintiff is not a resident of the chosen forum. *Siegel v. Homestore, Inc*., 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003). As set forth in his Complaint, the named Plaintiff resides in Florida, not Pennsylvania. Moreover, the majority of the operative facts alleged in the Complaint have minimal connection to the Western District of Pennsylvania. The choice of venue in this district is thus entitled to little, if any, deference. Indeed, the named Plaintiff does not oppose this requested venue transfer.

Transfer of this case to Defendants' preferred venue will likely be more convenient for all parties. The underlying claims center on alleged policies and practices originating out of Defendants' headquarters in Plano, Texas. Under Section 1404(a), the most appropriate venue is generally where a majority of events giving rise to a claim arose. *Alcantarilla v. State Farm Mut. Auto. Ins. Co*., No. 2:15-CV-1155, 2015 WL 8785007, at *8 (W.D. P. Dec. 15, 2015). The named

Plaintiff has not suggested that the current venue provides more convenient access to witnesses or records and, indeed, as stated above, has agreed to transfer this case.[1]

Public interest factors also favor transfer. Those factors are (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Quantum Plating, Inc.*, 2011 WL 673913, at *6; citing *Jumara*, 55 F.3d 873 at 879. Here, the practical considerations that would make trial easier and less expensive are substantially the same as those set above about the convenience of the parties. Transferring this case would reduce the cost of trial because Defendants would incur less travel, lodging and meal costs for its likely witnesses and counsel. Furthermore, based on the allegations in the underlying Complaint, the locus of the alleged culpable conduct, the connection of the conduct to the chosen forum, and the consideration of local interest in having localized controversies decided at home, all support transfer to the Eastern District of Texas, Sherman Division. *Frestrec Food Processing, Equip. Int'l, LLC v. Easy Tray, LLC*, No. 3:05CV00142, 2005 WL 3116030, at *6 (W.D. Pa. Nov. 22, 2005). Accordingly, these factors also support transfer.

### III. CONCLUSION

For the reasons set forth above, this Court should transfer this matter to the Eastern District of Texas, Sherman Division. Venue is proper in the Eastern District of Texas, Plaintiff does not

---

[1] The requested transfer will also benefit all parties by centralizing litigation in a single venue with general jurisdiction. At present, this case has five Opt-In Plaintiffs – two who worked in Virginia, two who worked in Florida, and one who worked in Texas. Centralizing the litigation in a single venue, where the majority of the actions giving rise to this claim allegedly arose, would likely be more convenient for the Parties as well as a more practical use of court resources.

oppose transfer, and the transfer will be more convenient for all parties and witnesses, and would further the interest of justice.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*s/ Jennifer G. Betts*
Jennifer G. Betts, Esq.
PA ID No. 209699
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
Tel: (412) 246-0153
E-mail: jenn.betts@ogletree.com

Attorney for Defendants

Dated: February 2, 2021

ORLDOCS 18404487 2

45849229.1