UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**CHRISTIAN GARCIA-ALVAREZ, on
behalf of himself and those similarly situated,**

     **Plaintiff,**

**v.**

**FOGO DE CHAO CHURRASCARIA
(PITTSBURGH) LLC, a foreign limited liability
Company, et al.,**

     **Defendants.**

-------------------------------------------------------------

**Case No. 4:21-CV-00124-ALM**

**COLLECTIVE ACTION COMPLAINT**

## DEFENDANTS' ANSWER AND DEFENSES TO AMENDED CLASS/COLLECTIVE ACTION COMPLAINT & JURY DEMAND

Defendants, Fogo De Chao Churrascaria (Pittsburgh) LLC, Fogo De Chao Churrascaria (King of Prussia) LLC, Fogo De Chao Churrascaria (Philadelphia) LLC, Fogo De Chao Churrascaria (Phoenix) LLC, Fogo De Chao Churrascaria (Denver) LLC, Fogo De Chao Churrascaria (Park Meadow) LLC, Fogo De Chao Churrascaria (Washington, D.C.) LLC, Fogo De Chao Churrascaria (Atlanta) LLC, Fogo De Chao Churrascaria (Dunwoody Atlanta) LLC, Fogo De Chao Churrascaria (Naperville) LLC, Fogo De Chao Churrascaria (Chicago) LLC, Fogo De Chao Churrascaria (Oak Brook Illinois) LLC, Fogo De Chao Churrascaria (Old Orchard) LLC, Fogo De Chao Churrascaria (Rosemont) LLC, Fogo De Chao Churrascaria (Indianapolis) LLC, Fogo De Chao Churrascaria (New Orleans) LLC, Fogo De Chao Churrascaria (Baltimore) LLC, Fogo De Chao Churrascaria (Bethesda) LLC, Fogo De Chao Churrascaria (Boston) LLC, Fogo De Chao Churrascaria (Burlington) LLC, Fogo De Chao Churrascaria (Troy) LLC, Fogo De Chao Churrascaria (Kansas City) LLC, Fogo De Chao Churrascaria (St. Louis) LLC, Fogo De Chao Churrascaria (Summerlin) LLC, Fogo De Chao Churrascaria (Long Island) LLC, Fogo De Chao

53rd Street, New York LLC, Fogo De Chao Churrascaria (White Plains) LLC, Fogo De Chao Churrascaria (Austin) LLC, Fogo De Chao Churrascaria (Legacy Plano) LLC, Fogo De Chao Churrascaria (Dallas) LLC, Fogo De Chao (Holdings), Inc., Fogo De Chao Churrascaria (Holdings) LLC, Fogo De Chao Churrascaria (Houston) LLC, Fogo De Chao Churrascaria (San Antonio) LLC, Fogo De Chao Churrascaria (Texas GP) LLC, Fogo De Chao Churrascaria (Tysons) LLC, Fogo De Chao Churrascaria (Orlando) LLC, Fogo De Chao Churrascaria (Jacksonville) LLC, Fogo De Chao Churrascaria (Miami) LLC (collectively, the "Defendants")[1,2], by and through their undersigned counsel, file their Answer and Affirmative Defenses to the Collective Action Complaint[3] filed by the Plaintiff Christian Garcia-Alvarez ("Plaintiff"), on July 6, 2021 ("Plaintiff's Second Amended Complaint"), as follows:

## PRELIMINARY STATEMENT

1.    Defendants admit that paragraph 1 purports to set forth allegations against the Defendants seeking relief for unpaid minimum wages under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Florida Constitution, and also purports to seek class and collective certification for such allegations.  Defendants otherwise deny the allegations of paragraph 1.

2.    Defendants admit that Plaintiff's Second Amended Complaint purports to seek certification under 29 U.S.C. §216(b) of a proposed class of "carvers" who work or worked for the

[1] The Plaintiff has named Fogo De Chao Churrascaria (Summerlin) LLC as a defendant in this action.  This restaurant is located in Nevada, and Nevada does not allow employers to take a tip credit.  In addition, this restaurant has been closed for a number of years.  Therefore, this named defendant is not an appropriate party to this action.

[2] The Plaintiff has named Fogo De Chao Churrascaria (Holdings) LLC and Fogo De Chao (Holdings) Inc. as two separate named defendants.  Fogo De Chao Churrascaria (Holdings) LLC was merged into Fogo De Chao (Holdings) Inc., and thus it no longer exists.  Therefore, that named defendant is not an appropriate party to this action.

[3] Defendants contend that this version of the complaint should be identified as the "Second Amended Complaint" as the Plaintiff filed his original Complaint on September 8, 2020 (Dkt. #1) and a First Amended Complaint on October 29, 2020 (Dkt. # 13).

Defendants during the three year period prior to the filing of this action, but deny that certification, the definition of the class, and treating defendants collectively is appropriate.

3.      Defendants deny the allegations of paragraph 3.

### Nature of Case

4.      Defendants admit that each of the individual named defendants independently own and operate a restaurant known as "Fogo De Chão" in various cities throughout the United States. Defendants deny all remaining allegations of paragraph 4.

5.      Defendants admit that employees with the job title of "Churrasqueiros" or "Gauchos" are employed by each of the Defendants and provide customer service.  Defendants deny all remaining allegations of paragraph 5.

6.      Defendants deny the allegations of paragraph 6.

7.      Defendants deny the allegations of paragraph 7.

### Parties

8.      Defendants admit that the named Plaintiff was employed as a Server, Churrasqueiro (Gaucho), and Customer Service Attendant by Defendant Fogo De Chao Churrascaria (Dunwoody Atlanta) LLC, Fogo De Chao Churrascaria (Atlanta) LLC, Fogo De Chao Churrascaria (Pittsburgh) LLC, and Fogo De Chao Churrascaria (Jacksonville) LLC, and paid on an hourly basis within the last three (3) years.  Defendants deny the remaining allegations of paragraph 8, and specifically to the extent that paragraph 8 purports to seek certification under 29 U.S.C. §216(b) of a proposed class, Defendants deny that certification, the definition of the class, or that treating employees collectively is appropriate.

9.       Defendants admit that the named Plaintiff worked for Defendant Fogo De Chao Churrascaria (Atlanta Buckhead ) LLC from December 2015 through November 2016, for Defendant Fogo De Chao Churrascaria (Dunwoody Atlanta) LLC from November 2016 to April

2018, for Defendant Fogo De Chao Churrascaria (Pittsburgh) LLC from April 2018 through April 2019, and for Defendant Fogo De Chao Churrascaria (Jacksonville) LLC from April 2019 through February 2020.  Defendants are without knowledge as to the current residence of the named Plaintiff, and therefore deny same.  Defendants deny the remaining allegations of paragraph 9.

10.     Defendants deny the allegations of paragraph 10, and to the extent paragraph 10 purports to seek certification under 29 U.S.C. §216(b) of a proposed class, Defendants deny that certification, the definition of the class, or that treating employees collectively is appropriate.

11.     Defendants admit that Plaintiff's Second Amended Complaint purports to seek certification of the proposed class described in paragraph 11 under the FLSA, but denies that class treatment, the definition of the class, and treating such unnamed individuals collectively or as a class is appropriate.

12.     Defendants admit that Plaintiff's Second Amended Complaint purports to seek certification of the proposed class described in paragraph 12 under Fed. R. Civ. P. 23, but denies that class treatment, the definition of the class, and treating such unnamed individuals as a class is appropriate.

13.     Defendants admit that Plaintiff's Second Amended Complaint purports to seek certification of the proposed class described in paragraph 13 under Fed. R. Civ. P. 23, but denies that class treatment, the definition of the class, and treating such unnamed individuals collectively or as a class is appropriate.

14.     Defendants admit that Plaintiff worked for Fogo De Chao Churrascaria (Pittsburgh) LLC in Allegheny County, Pennsylvania at certain times, and that each of the Defendants are located in the United States.  Defendants deny the remaining allegations of paragraph 14.

15.     Defendants admit that Plaintiff worked for Fogo De Chao Churrascaria (Jacksonville) LLC in Jacksonville, Duval County, Florida, and that each of the named Defendants are located in the United States.  Defendants deny the remaining allegations of paragraph 15.

16.     Defendants admit that each of the named Defendant restaurants was opened by a different corporate entity.  Defendants deny any remaining allegations of paragraph 16.

17.     Defendants deny the allegations of paragraph 17.

18.     Defendants deny the allegations of paragraph 18.

19.     Defendants admit that third party provider(s) provides payroll services for each named restaurant.  Defendants deny all remaining allegations of paragraph 19.

20.     Defendants admit the allegations of paragraph 20.

21.     Defendants deny the allegations of paragraph 21.

22.     Defendants deny the allegations of paragraph 22.

23.     Defendants admit the allegations of paragraph 23.

24.     Defendants admit the allegations of paragraph 24.

25.     Defendants admit that each of them follows applicable law regarding minimum wage.  Defendants deny the remaining allegations of paragraph 25.

26.     Defendants admit that area managers manage multiple locations.  Defendants deny the remaining allegations of paragraph 26.

27.     Defendants admit the allegations of paragraph 27.

28.     Defendants admit that certain policies, memoranda, and directives originate from Plano, Texas.  Defendants deny all remaining allegations of paragraph 28.

29.     Defendants admit that there is a holding company over each defendant.  Defendants deny all remaining allegations of paragraph 29.

30.     Defendants deny the allegations of paragraph 30.

## Jurisdiction and Venue

31.     Defendants admit that the allegations of paragraph 31 purport that this is an action for damages brought under federal law, and that the action purports to include the claims of a putative class.  Defendants deny the remaining allegations of paragraph 31, and deny that they are liable for any violation thereof.

32.     Defendants admit that a consent for to join this lawsuit apparently signed by the named Plaintiff is attached to Plaintiff's Second Amended Complaint as Exhibit A.  Defendants are without knowledge as to whether or not it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs, and therefore deny same.  Defendants admit the remaining allegations of paragraph 32 for the purpose of jurisdiction only, and otherwise deny.

33.     Defendants admit the allegations of paragraph 33 for the purpose of venue only, and otherwise deny; further answering Defendants state that each defendant acts only within the state in which its restaurant is located.

34.     Defendants admit that Plaintiff's Second Amended Complaint purports to be for aggregate damages in excess of $75,000, exclusive of attorneys' fees and costs, and otherwise deny.

## General Factual Allegations

35.     Defendants admit that the named Plaintiff was an employee of Defendant Fogo De Chao Churrascaria (Dunwoody Atlanta) LLC, Fogo De Chao Churrascaria (Atlanta) LLC, Fogo De Chao Churrascaria (Pittsburgh) LLC, and Fogo De Chao Churrascaria (Jacksonville) LLC. Defendants deny all remaining allegations of paragraph 35.

36.     Defendants admit the allegation that the named Plaintiff was paid pursuant to a tip credit method when he worked as a Churrasqueiro (a/k/a Gaucho).  Defendants deny all remaining allegations of paragraph 36.

37.     Defendants admit that certain of the named defendants used a tip credit deduction system.  Defendants deny all remaining allegations of paragraph 37.

38.     Defendants admit that each defendant individually is subject to the minimum wage provisions of the FLSA.  Defendants admit that Fogo De Chao Churrascaria (Pittsburgh) LLC, Fogo De Chao Churrascaria (King of Prussia) LLC, and Fogo De Chao Churrascaria (Philadelphia) LLC are each individually subject to the minimum wage provisions of the PMWA.  Defendants admit that Fogo De Chao Churrascaria (Orlando) LLC, Fogo De Chao Churrascaria (Jacksonville) LLC, and Fogo De Chao Churrascaria (Miami) LLC are each individually subject to the minimum wage provisions of the Florida Constitution.  Defendants deny all remaining allegations of paragraph 38.

39.     Defendants admit that each defendant individually is engaged in the activities alleged in paragraph 39.  Defendants deny all remaining allegations of paragraph 39.

40.     Defendants admit the allegations of paragraph 40 as to the employees of each defendant.  Defendants deny all remaining allegations of paragraph 40.

41.     Defendants admit the allegations of paragraph 41 as to the employees of each defendant.  Defendants deny all remaining allegations of paragraph 41.

42.     Defendants admit that each of them presently generates not less than $500,000 in sales per annum.  Defendants deny all remaining allegations of paragraph 42.

43.     Defendants admit the allegations of paragraph 43 as it relates to the defendants with which the named Plaintiff was employed, namely Defendant Fogo De Chao Churrascaria

(Dunwoody Atlanta) LLC, Fogo De Chao Churrascaria (Atlanta) LLC, Fogo De Chao Churrascaria (Pittsburgh) LLC, and Fogo De Chao Churrascaria (Jacksonville) LLC.  Defendants deny all remaining allegations of paragraph 43.

44.    Defendants admit the allegations of paragraph 44 as to each defendant.

45.    Defendants admit that each of the named defendants owns and operates a restaurant in various cities throughout the United States.  Defendants deny all remaining allegations of paragraph 45.

46.    Defendants deny the allegations of paragraph 46.

47.    Defendants deny the allegations of paragraph 47.

48.    Defendants deny the allegations of paragraph 48.

49.    Defendants admit that each defendant controlled the work of its own employees. Defendants deny all remaining allegations of paragraph 49.

50.    Defendants admit that the named Plaintiff performed a job integral to the business of the defendants by which he was employed.  Defendants deny all remaining allegations of paragraph 50.

51.    Defendants admit that the defendants at which the named Plaintiff was employed during the relevant period utilized the tip credit system with respect to named Plaintiff when he worked as a gaucho.  Defendants deny all remaining allegations of paragraph 51.

52.    Defendants admit that the defendants at which the named Plaintiff was employed paid the named Plaintiff the applicable minimum wage rate less the tip credit when he worked as a gaucho for them.  Defendants deny all remaining allegations of paragraph 52.

53.     The allegations of paragraph 53 set forth legal conclusions to which no response is required.  To the extent the allegations of paragraph 53 imply that Defendants violated applicable law, they are denied.

54.     The allegations of paragraph 54 set forth legal conclusions to which no response is required.  To the extent the allegations of paragraph 54 imply that Defendants violated applicable law, they are denied.

55.     The allegations of paragraph 55 set forth legal conclusions to which no response is required.  To the extent the allegations of paragraph 55 imply that Defendants violated applicable law, they are denied.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants deny the allegations of paragraph 57.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants deny the allegations of paragraph 59.

60.     Defendants deny the allegations of paragraph 60.

61.     The allegations of paragraph 61 set forth legal conclusions to which no response is required.  To the extent the allegations of paragraph 61 imply that Defendants violated applicable law, they are denied.

62.     Defendants admit that one or more of the Defendants includes a customer service representative ("CSR") in each of their respective tip pools.  Defendants deny any remaining allegations of paragraph 62.

63.     Defendants admit that each of them that employs CSRs pays the CSRs more than minimum wage.  Defendants deny any remaining allegations of paragraph 63.

64.     Defendants admit that each of them that employs CSRs pays the CSRs more than $12 per hour.  Defendants deny any remaining allegations of paragraph 64.

65.     Defendants deny the allegations of paragraph 65.

66.     Defendants deny the allegations of paragraph 66.

67.     Defendants deny the allegations of paragraph 67.

68.     Defendants deny the allegations of paragraph 68.

69.     Defendants deny the allegations of paragraph 69.

70.     Defendants deny the allegations of paragraph 70.

71.     Defendants admit that the CSR uniform may differ from the gaucho uniform. Defendants deny any remaining allegations of paragraph 71.

72.     Defendants deny the allegations of paragraph 72.

73.     Defendants deny the allegations of paragraph 73.

74.     Defendants deny the allegations of paragraph 74.

75.     Defendants deny the allegations of paragraph 75.

76.     Defendants deny the allegations of paragraph 76.

77.     Defendants deny the allegations of paragraph 77.

78.     Defendants deny the allegations of paragraph 78.

79.     Defendants admit that each of them has access to payroll records for their own employees.  Defendants deny all remaining allegations of paragraph 79.

## Collective Factual Allegations

80.     Defendants reallege and reincorporate their responses to the above paragraphs as if set forth fully herein.

81.     Defendants admit that the named Plaintiff was employed by Defendant Fogo De Chao Churrascaria (Dunwoody Atlanta) LLC, Fogo De Chao Churrascaria (Atlanta) LLC, Fogo

De Chao Churrascaria (Pittsburgh) LLC, and Fogo De Chao Churrascaria (Jacksonville) LLC within the meaning of the FLSA. Defendants admit that the named Plaintiff was employed by Fogo De Chao Churrascaria (Pittsburgh) LLC within the meaning of the PMWA. Defendants admit that the named Plaintiff was employed by Fogo De Chao Churrascaria (Jacksonville) LLC within the meaning of the Florida Constitution. Defendants are without knowledge or information as to putative class members and therefore deny all of the remaining allegations of paragraph 81.

82.     Defendants are without knowledge or information as to putative class members and therefore denies the allegations of paragraph 82.

83.     Defendants deny the allegations of paragraph 83.

84.     Defendants admit that they have each employed hundreds of people over the past three years. Defendants deny all remaining allegations of paragraph 84.

85.     Defendants deny the allegations of paragraph 85.

86.     Defendants deny the allegations of paragraph 86.

87.     Defendants admit that each restaurant operates a mandatory tip pool for employees in the position of Churrasqueiro (a/k/a/ Gaucho). Defendants deny the remaining allegations of paragraph 87.

88.     The allegations of paragraph 88 set forth legal conclusions to which no response is required. To the extent the allegations of paragraph 88 imply that Defendants violated applicable law, they are denied.

89.     Defendants state that the allegations of paragraph 89 are so vague that a response is impossible. To the extent a response is required, they are denied.

90.     Defendants deny the allegations of paragraph 90.

91.     Defendants deny the allegations of paragraph 91.

92.     Defendants deny the allegations of paragraph 92.

93.     Defendants deny the allegations of paragraph 93.

94.     Defendants deny the allegations of paragraph 94.

95.     Defendants deny the allegations of paragraph 95.

96.     Defendants state that all of the defendants are and were aware of the requirements of the FLSA and complied with same.  Defendants state that the defendants located in Pennsylvania were aware of the requirements of the PMWA and complied with same.  Defendants state that the defendants located in Florida were aware of the requirements of the Florida Constitution and complied with same.  Defendants deny the remaining allegations of paragraph 96.

97.     Defendants deny the allegations of paragraph 97.

98.     Defendants deny the allegations of paragraph 98.

99.     Defendants admit that the named Plaintiff has hired the undersigned law firm to represent him in this matter.  Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 99, and therefore deny same.

## Class Representation Allegations

100.    The allegations of paragraph 100 set forth legal conclusions to which no response is required.  To the extent the allegations of paragraph 100 set forth allegations of fact, they are denied.

101.    Defendants deny the allegations of paragraph 101.

102.    Defendants deny the allegations of paragraph 102 as to the named Plaintiff. Defendants admit the remaining allegations of paragraph 102.

103.    Defendants deny the allegations of paragraph 103.

104.    Defendants assert that the allegations of paragraph 104 constitute legal conclusions to which no response is required.  To the extent that paragraph 104 contains allegations of fact, Defendants deny.

105.    Defendants assert that the allegations of paragraph 105 constitute legal conclusions to which no response is required.  To the extent that paragraph 105 contains allegations of fact, Defendants deny.

106.    Defendants assert that the allegations of paragraph 106 constitute legal conclusions to which no response is required.  To the extent that paragraph 106 contains allegations of fact, Defendants deny.

107.    Defendants deny the allegations of paragraph 107, including the allegations subparagraphs (a)-(f).

108.    Defendants admit that the allegations of paragraph 108 outline the damages sought by the named Plaintiff and the putative class in this action, but deny that they are entitled to any such relief, and specifically the deny that they are entitled to the relief set forth in subparagraphs (a)-(c).

109.    Defendants deny the allegations of paragraph 109.

110.    Defendants deny the allegations of paragraph 110.

111.    Defendants are without knowledge as to the named Plaintiff's knowledge, and therefore deny the allegations of paragraph 111.

**COUNT I**
**VIOLATION OF THE FLSA'S MINIMUM WAGE PROVISION AT 29 U.S.C. §206 ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE**

112.    Defendants reincorporate and adopt their responses to paragraph 1 through 111 above in response to the allegations of paragraph 112.

113.    Defendants admit that each defendant individually is engaged in the activities alleged in paragraph 113.  Defendants deny all remaining allegations of paragraph 113.

114.    Defendants admit that the named Plaintiff was employed as a non-exempt employee.  Defendants are without knowledge or information as to putative class members and therefore deny all of the remaining allegations of paragraph 114.

115.    Defendants deny the allegations of paragraph 115.

116.    Defendants deny the allegations of paragraph 116 relating to the named Plaintiff. Defendants are without knowledge or information as to putative class members and therefore deny all of the remaining allegations of paragraph 116.

117.    Defendants deny the allegations of paragraph 117.

118.    Defendants deny the allegations of paragraph 118.

119.    Defendants deny the allegations of paragraph 119.

120.    Defendants deny the allegations of paragraph 120.

121.    Defendants deny the allegations of paragraph 121.  Defendants further deny that the named Plaintiff, or any other potential putative class members, are entitled to any of the relief requested in the "WHEREFORE" paragraph or subsections (a) through (e) in the "Relief Sought" section following paragraph 121.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT ("PMWA"), 43 PA. STAT. ANN. §333.104

122.    Defendants reincorporate and adopt their responses to paragraphs 1 through 111 above in response to the allegations of paragraph 122.

123.    Defendants admit that the named Plaintiff purports to set forth allegations against the Defendants seeking relief for unpaid minimum wages under the Pennsylvania Minimum Wage

Act ("PMWA") and is seeking certification as a class action under Rule 23.  Defendants otherwise deny the allegations of paragraph 123.

124.    Defendants admit that the named Plaintiff was employed as a non-exempt employee.  Defendants are without knowledge or information as to putative class members and therefore deny all of the remaining allegations of paragraph 124.

125.    Defendants deny the allegations of paragraph 125.

126.    Defendants deny the allegations of paragraph 126.

127.    Defendants admit that the named Plaintiff was employed as an employee by Defendant Fogo De Chao Churrascaria (Dunwoody Atlanta) LLC, Fogo De Chao Churrascaria (Atlanta) LLC, Fogo De Chao Churrascaria (Pittsburgh) LLC, and Fogo De Chao Churrascaria (Jacksonville) LLC.  Defendants are without knowledge or information as to putative class members and therefore deny all of the remaining allegations of paragraph 127.

128.    Defendants deny the allegations of paragraph 128.

129.    Defendants deny the allegations of paragraph 129 relating to the named Plaintiff. Defendants are without knowledge or information as to putative class members and therefore deny all of the remaining allegations of paragraph 129.

130.    Defendants deny the allegations of paragraph 130.

131.    Defendants deny the allegations of paragraph 131.

132.    Defendants deny the allegations of paragraph 132.

133.    Defendants deny the allegations of paragraph 133.

134.    Defendants deny the allegations of paragraph 134.  Defendants further deny that the named Plaintiff, or any other potential putative class members, are entitled to any of the relief

requested in the "WHEREFORE" paragraph or subsections (a) through (e) in the "Relief Sought"

section following paragraph 134.

## COUNT III:  VIOLATION OF THE FLORIDA CONSTITUTION ARTICLE X, SECTION 24

135.    Defendants reincorporate and adopt their responses to paragraphs 1 through 111

above in response to the allegations of paragraph 135.

136.    Defendants admit that the named Plaintiff purports to set forth allegations against

the Defendants seeking relief for unpaid minimum wages under the Florida Constitution and is

seeking certification as a class action under Rule 23.  Defendants otherwise deny the allegations

of paragraph 136.

137.    Defendants admit that the named Plaintiff was employed as a non-exempt

employee.  Defendants are without knowledge or information as to putative class members and

therefore deny all of the remaining allegations of paragraph 137.

138.    Defendants deny the allegations of paragraph 138.

139.    Defendants deny the allegations of paragraph 139.

140.    Defendants admit that the named Plaintiff was employed as an employee by

Defendant Fogo De Chao Churrascaria (Dunwoody Atlanta) LLC, Fogo De Chao Churrascaria

(Atlanta) LLC, Fogo De Chao Churrascaria (Pittsburgh) LLC, and Fogo De Chao Churrascaria

(Jacksonville) LLC.  Defendants are without knowledge or information as to putative class

members and therefore deny all of the remaining allegations of paragraph 140.

141.    Defendants deny the allegations of paragraph 141.

142.    Defendants deny the allegations of paragraph 142 relating to the named Plaintiff.

Defendants are without knowledge or information as to putative class members and therefore deny

all of the remaining allegations of paragraph 142.

143.    Defendants deny the allegations of paragraph 143.

144.    Defendants deny the allegations of paragraph 144.

145.    Defendants deny the allegations of paragraph 145.

146.    Defendants deny the allegations of paragraph 146.

147.    Defendants deny the allegations of paragraph 147.  Defendants further deny that the named Plaintiff, or any other potential putative class members, are entitled to any of the relief requested in the "WHEREFORE" paragraph or subsections (a) through (e) in the "Relief Sought" section following paragraph 147.

## JURY TRIAL DEMAND

Defendants admit that the named Plaintiff has requested a trial by jury

## DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

1.    Plaintiff's Second Amended Complaint and each claim therein fails to state a claim against Defendants upon which relief can be granted.

2.    The named Plaintiff has failed to state any claim for a willful violation of the FLSA, Pennsylvania law or the Florida Constitution.

3.    The named Plaintiff's claims are barred, in whole or in part, because the named Plaintiff has been fully paid in accordance with the requirements of the FLSA, Pennsylvania law, and the Florida Constitution for all hours worked and/or reported as worked.

4.    The named Plaintiff's claims are barred, in whole or in part, by the statute of limitations, in that Defendants did not know and did not show a reckless disregard that their conduct, if any, was prohibited by the FLSA, Pennsylvania law, or the Florida Constitution.

5.      Any claim by the named Plaintiff for liquidated damages is barred in whole or in part because Defendants acted in good faith and had reasonable grounds to believe that their actions were not in violation of the FLSA, Pennsylvania law, or the Florida Constitution.

6.      The named Plaintiff is not similarly situated to any current or former employee of Defendants.

7.      The named Plaintiff's claims are barred to the extent that Defendants are not liable in the capacity sued as they are not employers or joint employers of the named Plaintiff and are not an integrated enterprise.

8.      To the extent that the named Plaintiff is able to establish liability, Defendants are entitled to a setoff for monies that may be owed to them by the named Plaintiff.

9.      The named Plaintiff's claims are barred, in whole or in part, because Defendants have at all times acted in good faith in conformity with and in reliance on the applicable administrative regulations, orders, rulings, approvals, and interpretations and on the applicable administrative practices and enforcement policies under the FLSA, Pennsylvania law, and the Florida Constitution.

10.     Defendants were entitled to claim a tip credit under the FLSA, Pennsylvania law, and the Florida Constitution because the named Plaintiff was a tipped employee who received proper notice and contributed to a valid tip pool.

11.     The named Plaintiff is estopped from asserting his claims for unpaid wages based upon his own actions and inactions and based upon Defendants' detrimental reliance thereon.

12.     Plaintiff's Second Amended Complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

13.     Because of the widely divergent, individualized, and unique factual circumstances giving rise to a claim under the FLSA, Pennsylvania law, and the Florida Constitution, the named Plaintiff's claim cannot be adjudicated on a class-wide basis.

14.     Individual questions predominate over any allegedly common questions, class-wide treatment of the named Plaintiff's claims is not superior to individual treatment, and it is not possible to certify a manageable class in this case.

15.     Defendants have not acted or refused to act on grounds generally applicable to all the members of the alleged class and the named Plaintiff is not seeking injunctive or declaratory relief, making certification under Rule 23, Pennsylvania, or Florida law, and/or conditional certification under the FLSA, improper.

16.     The facts as alleged in Plaintiff's Second Amended Complaint do not support the existence of a class, and cannot support class treatment.

17.     Should the matter be certified as a class action or for certification, each affirmative defense is asserted with respect to each person in the class.

18.     Plaintiff has failed to comply with the conditions precedent to the filing of this action as required pursuant to Fla. Stat. § 448.110(6)(a).

19.     Defendants reserve all of their rights with respect to the applicability of any arbitration agreement executed by putative class members during their employment with the Defendants in the event that a class/collective is ever certified, as well as the effect of such agreements on the propriety of certification.

20.     Defendants reserve the right to assert any and all additional defenses as may be determined necessary during the course of discovery and to seek attorneys' fees and costs under any applicable statute.

Respectfully submitted,

*/s/ Patrick F. Hulla*
Patrick F. Hulla, Esq. (*Pro Hac Vice*)
Missouri Bar No. 41745
**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**
4520 Main Street, Suite 400
Kansas City, MO  64111
Telephone:  (816) 410-2226
Facsimile:  (816) 471-1303
Email:  patrick.hulla@ogletree.com

*/s/ Victoria L. Vish*
Victoria L. Vish, Esq.
Texas Bar No. 24089850
**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX  75225
Telephone:  (214) 987-3800
Facsimile:  (214) 987-3927
Email:  Victoria.vish@ogletree.com

*/s/ Mary Ruth Houston*
Mary Ruth Houston, Esq. (*Pro Hac Vice*)
Florida Bar No. 834440
Primary E-Mail: mhouston@shutts.com
Paul J. Scheck, Esq. (*Pro Hac Vice*)
Florida Bar No. 028487
Primary E-Mail: pscheck@shutts.com
**SHUTTS & BOWEN LLP**
300 S. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone:  (407) 423-3200
Facsimile:  (407) 425-8316
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of July, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

Meredith Black-Mathews, Esq.                  Carlos V. Leach, Esq.
mmathews@foresterhaynie.com                    cleach@theleachfirm.com
Forester Haynie PLLC                           The Leach Firm, P.A.
400 N. St. Paul St., Suite 700                 631 S. Orlando Avenue, Ste. 300
Dallas, Texas  75201                           Winter Park, FL 32789


Noah E. Storch, Esq.
richard@floridaovertimelawyer.com
Richard Celler Legal P.A.
10368 W. SR 84, Suite 103
Davie, Florida  33314
*Attorneys for Plaintiff*


*/s/ Victoria L. Vish*
Victoria L. Vish

47884249.1