## MUTUAL ARBITRATION AGREEMENT

The undersigned individual ("Individual") and Fogo de Chao (Holdings) Inc. (the "Company") voluntarily and knowingly enter into this Mutual Arbitration Agreement ("Agreement").

1. *Individual and the Company waive all rights to trial in court before a judge or jury on all claims covered by this Agreement.* Instead, except as provided below, the Company and Individual (on behalf of Individual and Individual's heirs, spouse, successors, assigns, and agents) agree all legal disputes and claims between them shall be determined exclusively by final and binding arbitration. Claims subject to this Agreement include without limitation all claims pertaining to Individual's employment or other relationship with the Company (including application for or termination of employment or other relationship or any background check process associated with same) and all claims for discrimination, harassment, or retaliation; wages, overtime, or other compensation; meal or rest breaks; breach of any express or implied contract; negligence or other tort; or violation of any federal, state, or local law. Claims subject to this Agreement include claims against the Company's parents, subsidiaries, affiliates, divisions, brands, alleged agents, joint ventures, and alleged joint or co-employers, and their respective directors, officers, employees, and agents, whether current, former, or future.[1] *Claims subject to this Agreement also include claims already in existence, including without limitation those listed in Attachment A.*

2. The only legal disputes and claims excluded from this Agreement are claims: (a) by Individual for workers' compensation (although claims for retaliation are covered by this Agreement), unemployment, or other benefits under a plan or collective bargaining agreement that provides its own process for dispute resolution; (b) by either party seeking only a provisional remedy pertaining only to Individual in any court of competent jurisdiction; (c) for which this Agreement would be invalid or prohibited as a matter of federal law, or state or local law that is not preempted by federal law; (d) to enforce this Agreement, compel arbitration, or enforce, modify, or vacate an arbitrator's award[2]; or (e) filed with a federal, state, or local administrative agency such as the Equal Employment Opportunity Commission, National Labor Relations Board, or similar agency, although Individual does knowingly and voluntarily waive the right to file, or participate or obtain relief in, a lawsuit of any nature against the Company, except as described herein. Judgment upon the arbitrator's award may be entered in any court of competent jurisdiction.

3. A party wishing to initiate arbitration must notify the other party in writing by hand delivery or certified mail. The notice should identify the party requesting arbitration by name, address, and telephone number; the facts upon which the claim is based, the persons involved, the date and location of any occurrences giving rise to the claim, and the law(s) allegedly violated; and the remedy requested. Notice to the Company must be sent to FogoArbitration@fogo.com. Notice to Individual must be sent to Individual's most recent residence address in the Company's records. Within 30 days of receipt of a notice of arbitration, the parties shall select a mutually agreeable arbitrator. Except as noted herein, the arbitrator selected by the parties shall administer the arbitration according to the Employment Arbitration Rules (or successor rules) of the American Arbitration Association ("AAA"), which can be requested from the Company or found at

---

[1] Nothing herein shall be interpreted to suggest any particular entity or person is or will be Individual's employer or joint employer.

[2] The parties hereby agree and stipulate that such actions are covered and governed by only Sections 2-16 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2-16, and not any state law; provided, however, that (i) if for any reason the FAA is held to not apply or allow individual arbitration of a given claim, then such actions shall be governed by the Texas Arbitration Act, as the Company is headquartered in Texas; and (ii) if for any reason such act is held to not apply or allow for individual arbitration of a given claim, then such actions shall be governed by the law of the state in which Individual last worked for the Company (or if Individual never worked for the Company, the state in which Individual initially applied for work with the Company), it being the express intent of the parties to allow for individual arbitration of claims to the maximum extent possible.

www.adr.org, and Federal Rule of Civil Procedure 68 ("Offer of Judgment"). If the parties are unable to agree on an arbitrator, the party requesting arbitration shall submit the matter to AAA, and an arbitrator shall be selected pursuant to AAA's rules. If AAA's rules are inconsistent with this Agreement, this Agreement shall govern.

4. Except as noted in the following paragraph, the arbitrator, and not any federal, state, or local court, shall have exclusive authority to resolve any dispute relating to the formation, enforceability, applicability, or interpretation of this Agreement, including without limitation any claim that it is void or voidable. The parties waive the right to have a court determine the enforceability of this Agreement but may seek a court order delegating such questions to the arbitrator. If either party ever contests the enforceability of this Agreement in a court action, such action must be filed in or transferred to the state or federal court in Collin County, Texas, where the Company is headquartered. The arbitration will be held in or near the city in which Individual is or was last employed or engaged by, or applied for employment or other association with, the Company, as applicable. The parties have the right to file dispositive motions and post-hearing briefs. The arbitrator's authority and jurisdiction are limited to determining the claims in dispute consistent with controlling law and this Agreement. In deciding the causes of action asserted, the arbitrator shall apply, and shall not deviate from, the substantive law of the state in which the claim(s) arose and/or federal law, as applicable. The arbitrator shall not have the authority to hear disputes not recognized by existing law and shall dismiss such claims upon motion by either party in accordance with the summary judgment standards of the applicable jurisdiction. Similarly, the arbitrator shall not have the authority to order any remedy that a court would not be authorized to order; rather, except as provided in the following paragraph, the arbitrator shall have the power to award all legal and equitable relief that would be available in court under applicable law. The arbitrator shall have the authority to issue subpoenas to compel the production of documents during discovery and the attendance of witnesses at the arbitration hearing; do so upon the reasonable request of either party; and make reasonable efforts to conduct the arbitration hearing within six months of the arbitrator's appointment but has discretion to extend this timeline upon a showing of good cause. The arbitrator shall render a written award setting forth findings of fact and conclusions of law.

5. *To the maximum extent permitted by law, (a) the arbitrator is prohibited from consolidating the claims of others into one proceeding or fashioning a proceeding as a class, collective, representative, joint, or group action (collectively, "Class Action") or awarding relief to a group of claimants or employees in one proceeding, and (b) the parties waive any right to proceed in a Class Action.* Any dispute concerning the scope or validity of this paragraph shall be decided by a court of competent jurisdiction and not the arbitrator. Should a court determine that this prohibition on Class Actions is invalid for any reason, the parties waive any right to arbitration of a Class Action and instead agree and stipulate that such claims will be heard only by a judge and not an arbitrator *or jury*, to the maximum extent permitted by applicable law. If a party brings an action that includes both claims subject to arbitration under this Agreement and claims that by applicable law are not subject to arbitration, the latter shall be stayed until the former are fully arbitrated.

6. The Company will pay all costs unique to arbitration, including the arbitration fees and expenses. However, if Individual is the party initiating the claim, Individual shall be responsible for contributing an amount equal to the filing fee to initiate the claim in Individual's home state, unless the arbitrator determines such fee should be waived due to a showing of reasonable need. Except as provided in Federal Rule of Civil Procedure 68 or as determined by the arbitrator in accordance with applicable legal standards, each party shall pay its own attorneys' fees and any costs that are not unique to the arbitration. Any dispute as to whether a cost is unique to arbitration shall be resolved by the arbitrator. The arbitrator may award reasonable fees and costs or any portion thereof to the prevailing party to the same extent a court would be entitled to do so, in accordance with applicable law. If 25 or more demands for arbitration involving substantially similar claims are filed against the Company and remain pending, (a) AAA (or the arbitrator in the first such proceeding if AAA is not administering the arbitrations) shall determine phases for such

proceedings as needed for the efficient administration of all such proceedings, including the determination of a schedule for the selection of arbitrators and payment of arbitration fees and costs in phases, and (b) any party shall be authorized to designate and rely on written discovery responses or deposition testimony from one such proceeding in other such proceedings in lieu of responding to substantially similar discovery requests in substantially similar proceedings.

7. This is the complete agreement between the parties on the subject of arbitration and supersedes any other understandings on the subject, except that if there is another written arbitration agreement between the parties it shall survive this Agreement to the extent it is consistent with the parties' intention in this Agreement to engage in individual arbitration. No other representations are being relied upon by either party. This Agreement cannot be orally modified and shall remain in effect even after the termination of Individual's employment or other association. If any provision of this Agreement is deemed invalid or unenforceable, such provision shall be modified automatically to the minimum extent necessary to render this Agreement valid and enforceable for individual arbitration. Except as provided in Paragraph 5, if a provision conflicts with a mandatory provision of applicable law that is not preempted by the FAA, the conflicting provision shall be severed automatically and the remainder construed to incorporate the mandatory provision. In the event of such severance or modification, the remainder shall not be affected. Should a court or arbitrator determine individual arbitration is unavailable for any reason, the parties waive any right to a jury and instead agree and stipulate that the claim(s) at issue will be heard only by a judge, to the maximum extent permitted by law. This Agreement shall be construed as a whole, according to its fair meaning, and not for or against any party.

8. If Individual accepts or continues employment or other association with the Company, such employment or other association shall constitute acceptance of the terms of this Agreement and this Agreement shall apply to Individual and the Company, regardless of any request for a confirming signature or electronic acknowledgment and regardless of whether Individual or a Company representative signs or electronically acknowledges this Agreement.

9. Individual has read and understands this Agreement and understands Individual may consult with an attorney of Individual's choosing regarding the Agreement's effect to the extent Individual deems necessary. If Individual desires a translation of this Agreement in a language other than English, Individual may request it from the Company. INDIVIDUAL IS KNOWINGLY AND VOLUNTARILY WAIVING THE RIGHT TO FILE OR PROCEED IN A LAWSUIT AGAINST THE COMPANY OR PROCEED IN FRONT OF A JUDGE OR JURY, INCLUDING IN THOSE CLAIMS LISTED IN ATTACHMENT A, EXCEPT AS DESCRIBED ABOVE. This Agreement does not constitute a guarantee of employment for any fixed period or under any particular terms except those contained herein and does not alter in any way the at-will nature of any employment relationship.

**AGREED:**

Date:                                             Date:

_____                   _____*[signature]*_____
Individual's Signature                             Company Representative's Signature

_____                   Anthony Laday – Chief Financial Officer
Individual's Printed Name                          Company Representative's Printed Name and Title

Mutual Arbitration Agreement – Page 3

## Attachment A – List of Pending Claims Covered by Mutual Arbitration Agreement

All claims that have been brought or could be brought in the following pending lawsuits:

1. *Margulara Safi v. Fogo de Chao, Inc. et al.*, Santa Clara Superior Court Case No. 17-CV-3180272.

2. *Sam Moussa v. Fogo de Chao Churrascaria (California), LLC et al.*, Los Angeles Superior Court Case No. BC689391.

3. *Faraz Yousefian v. Fogo de Chao Churrascaria California, LLC et al.*, Los Angeles Superior Court Case No. BC709639.

4. *Christian Garcia-Alvarez v. Fogo de Chão Churrascaria (Pittsburgh) LLC et al.*, Texas Eastern District Court Case No. 4:21-CV-00124.

5. *Elvira Hyska, et al. v. Fogo de Chão Churrascaria (Naperville) LLC et al.*, Illinois Northern District Court Case No. 21-cv-02365.

The Individual and the Company further intend that this Attachment A be fully incorporated into the Mutual Arbitration Agreement signed by the Individual and the Company.

46225369.1