IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHRISTIAN GARCIA-ALVAREZ, on behalf of himself and those similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>FOGO DE CHAO CHURRASCARIA (PITTSBURGH) LLC, *et al*.,<br><br>      Defendants. | CIVIL ACTION FILE NO:<br><br>4:21-cv-124-ALM |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR RULING THAT PURPORTED ARBITRATION AGREEMENTS ARE INVALID AND UNENFORCEABLE AND TO AUTHORIZE MAILING OF CORRECTIVE NOTICE AND POSTING OF ORDER**

## I.       INTRODUCTION

In their Response to Plaintiffs' Motion for Ruling That Purported Arbitration Agreements Are Invalid and Unenforceable and Seeking to Authorize Mailing of Corrective Notice and Posting Order for Defendants Fogo De Chao Churrascaria (Pittsburgh) LLC, et al. ("Defendants"), argue that their actions in forcing putative class members to sign a "Mutual Arbitration Agreement" is entirely above board. The facts show otherwise and the law supports this Court taking remedial action in the form of invalidating the arbitration agreement and issuing a corrective notice to all putative class members.

## II.     ARGUMENT AND CITATION TO AUTHORITY

### A.     Defendants' Arbitration Agreement is coercive and misleading, and the Court should declare it void and unenforceable.

Defendants spend a great deal of time in their Response repeating that just because an arbitration agreement is signed after a lawsuit is filed, it doesn't make the arbitration invalid. While that's a true statement of law, it's not the sole issue in this case. As Plaintiffs pointed out in their Memorandum in Support (Doc. No. 56), Defendants' communications about the Mutual Arbitration Agreement with putative class members in this case has been coercive and misleading. For multiple reasons, this authorizes this Court to invalidate the Agreement.

One of the reasons that the Agreement is coercive certainly is because of the timing. The Court should not ignore the fact that Defendants required putative class members to sign the Arbitration Agreement only after this lawsuit was filed because that is a fact weighing against the enforcement of the Agreement. *See, e.g.*, *Degidio v. Crazy Horse Saloon & Rest. Inc.*, 880 F.3d 135, 138 (4th Cir. 2018); *Billingsley v. Citi Trends*, 560 F. App'x 914 (11th Cir. 2014). While Defendants attempt to downplay the timing of the presentation of the Arbitration Agreement, the timing is important.

In addition to the timing of the rollout of this Agreement, the Agreement itself is coercive in nature. The Agreement specifically targets this lawsuit. Defendants' attempts to downplay that fact doesn't make it any less significant. Indeed, other

courts have found that instances of targeting putative class members specifically weighs in favor of invalidating the agreement. *See, e.g.*, *Billingsley*, 560 F. App'x at 922.

The Agreement also requires putative class members to choose between pursuing their legal rights in court or being terminated from their jobs. This places enormous coercive pressure on putative class members to sign Defendants' agreement or risk losing their ability to make a living. Again, courts have found such tactics to be coercive. *See Billingsley*, 560 F. App'x at 919. The combination of explicitly calling out this case in the Agreement, among several others, and the threat of termination of employment, clearly can have a coercive effect on putative class members.

There's no dispute here that the Court has the ability to limit the nature of the communications between a party and a putative class member. *See Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193,1201–03 (11th Cir.1985) (recognizing district court's authority to police class member contacts and to prohibit defendant from engaging in unsupervised, unilateral communications with plaintiff class members to solicit exclusion requests from Rule 23 class). And none of the cases cited by Defendants alter that reality.

For example, Defendants cite *Norton v. Tucker Entertainment, LLC*, 2014 WL 502654, at *4 (N.D. Tex. Oct. 8, 2014), for the proposition that "it would be ill-

advised to distinguish between pending and non-pending claims when applying the arbitration clause." But as Plaintiffs have already explained, this isn't the true issue here. Moreover, the *Norton* court's analysis focused on whether the parties had formed a valid contract and whether the plaintiff's claims fell within the arbitration agreement's scope. Likewise, in *Kubala v. Supreme Prod. Servs., Inc.*, 2016 WL 7971733 (5th Cir. June 14, 2016), the court addressed whether a valid agreement existed and if the plaintiffs' claims fell within the scope of the agreement. In neither *Norton* nor *Kubala* did the court address whether the defendant's communications with putative class members was misleading and coercive, as they are here.

Defendants likewise cite to *Kalenga v. Irving Holdings, Inc.*, 2020 WL 7496208 (N.D. Tex. Dec. 20, 2020), for the proposition that whether Defendants presented the arbitration agreements before or after suit was filed is of no moment. Again, that is not the sole issue here. Furthermore, the *Kalenga* court noted that in other cases where courts had refused to enforce arbitration agreements, there was a showing of coercion. *Id.* at *8–9. In one such instance, the court noted that "'employees understood that they would be fired if they did not assent to the arbitration agreement.'" *Id.* at *8 (quoting *Billingsley*, 560 F. App'x at 919). There was no evidence of coercion in *Kalenga*.

This case, unlike those cited by Defendants, includes improper communications to putative class members, and so this Court has the discretion to

limit those communications in a meaningful way. *Belt v. Emcare, Inc.,* 299 F.Supp.2d 664, 667 (E.D. Tex. 2003) ("Courts have found a need to limit communications with absent class members where the communications were misleading, coercive, or an improper attempt to ... encourag[e] class members not to join the suit."); *Hampton Hardware, Inc. v. Cotter & Co., Inc.*, 156 F.R.D. 630, 633 (N.D.Tex.1994) (noting that communications to class members "urging them to disassociate themselves from the suit have also been held improper").

### III.   CONCLUSION

The "Mutual Arbitration Agreement" notifying potential class members that they will be bound to arbitrate all employment claims, including the claims that are the subject of this case, is an unwarranted effort to prevent class members from participating in this case and an unjustified interference with their rights. Plaintiffs respectfully ask this Court to remedy this action by ordering the following:

- the Court should declare these arbitration agreements, as they effect the proposed class in this case, void, invalid, and unenforceable;

- authorize mailing of the proposed corrective notice, at Defendants' expense;

- order Defendants to provide Plaintiffs' counsel with a list of the names of class members and their last-known residence addresses and e-mail addresses to facilitate mailing of the corrective notice; and

- further request that the Court require the posting of any Order granting this Motion at each of Defendants' work location where putative class members may be present.

Respectfully submitted, this the 11th day of October 2021.

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.

**THE LEACH FIRM, P.A.**
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: 407-574-4999, Ext. 403
Facsimile:  833-423-5864

FL Bar No. 0540021
cleach@theleachfirm.com

*/s/ Meredith Black-Mathews*
Meredith Black-Mathews, Esq.

**FORESTER HAYNIE PLLC**
400 N. St Paul St, Suite 700
Dallas, TX 75201
Telephone: 214-210-2100
Facsimile:  469-399-1070

TX Bar No. 24055180
mmathews@foresterhaynie.com

*/s/Noah E. Storch*
Noah E. Storch, Esq.

**RICHARD CELLER LEGAL, P.A.**
10368 W. SR 84, Suite 103
Davie, FL 33314
Telephone:  866-344-9243
Facsimile:   954-337-2771

FL Bar No. 0085476
noah@floridaovertimelawyer.com
Richard Celler, Esq.
FL Bar No. 0173370
richard@floridaovertimelawyer.com

***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of October 2021, a true and correct copy of the foregoing has been electronically filed served with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

I also certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local CV-10(a)(5).

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
Florida Bar No. 0540021
cleach@theleachfirm.com