IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHRISTIAN GARCIA-ALVAREZ, on behalf of himself and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FOGO DE CHAO CHURRASCARIA (PITTSBURGH) LLC, *et al*., <br><br> Defendants. | CIVIL ACTION FILE NO: <br><br> 4:21-cv-124-ALM |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION**

**I.     INTRODUCTION**

Plaintiff Christian Garcia-Alvarez asks this Court to authorize notice to opt-into this action to other churrasqueiros who worked in Defendants' restaurants. These churrasqueiros have the same job duties and were subject to the same pay practices. That alone makes them similarly-situated. And because they are similarly situated, they are permitted to proceed collectively. As such, the Court should authorize notice on a nationwide basis, or alternatively, to those stores Plaintiff and the Opt-In Plaintiffs worked and trained.

**II.    ARGUMENT**

    **A.     The Court should authorize notice because Plaintiff and the potential class members are similarly situated.**

While Plaintiff and the Opt-ins see no need to rehash all of the reasons they are similarly situated to other potential opt-ins, they emphasize that: (a) they were all employed as churrasqueiros; (b) they all performed the same or substantially similar job duties; (c) they were

all paid in a similar manner (pursuant to the tip credit); (d) they were all subjected to the same uniform timekeeping and pay policies at issue; (e) they all performed pre-shift, non-tipped work at the tipped rate; and (e) they are all owed compensation as a result of the Defendant's use of an invalid tip pool. Moreover, the liability of the claims here can be resolved on a collective basis.

1. **Churrasqueiros are similarly situated in that they perform pre-shift, non-tipped work at the tipped rate.**

Plaintiff and the Opt-In Plaintiffs testified to the fact that they all conducted extensive pre-shift work and were paid only the tipped hourly rate. This includes butchering meat, cleaning, and placing charcoal. Garcia Dep. 83–84 Nieves Dep. at 11–12; Mendez-Ortiz Dep. at 37–38. In fact, non-tipped work is listed in the churrasqueiros' job description created by Defendant, and includes butchering, trimming, seasoning, skewering, and cooking meat; checking temperatures of meat and marinades; maintained clean and sanitary work stations, wiping down counters, and utensils, and other kitchen equipment. Ex. G (Job Description).

When performing this work, churrasqueiros would clock in using the churrasqueiro job code, as opposed to another job code that received at least the full minimum wage. *Id.* However, this work was performed prior to any customers being present in the restaurants and without receiving tips. Garcia Dep. 83–84 Nieves Dep. at 11–12; Mendez-Ortiz Dep. at 37–38. As a result, Defendant has failed to pay Plaintiff, the opt-in Plaintiffs, and the members of the class the appropriate minimum wage for all hours worked and Plaintiff's motion should be granted.

Defendants contend that this claim cannot be resolved on a collective basis because some individuals, including Plaintiff, sometimes used a job code for "person in charge," and paid at an hourly rate above minimum wage. Plaintiff and the Opt-In Plaintiffs are not seeking recover for

work compensated at an hourly rate above the minimum wage, as Defendants suggest. They are, however, seeking compensation for non-tipped work performed at the tipped rate. Whether or not Plaintiff and the Opt-in Plaintiffs performed such work, and therefore are entitled to recovery, is an issue that can be resolved collectively.

Following resolution of the merits, the only issue would be how much is owed to each class member because of working without compensation. In the conditional certification context, courts have repeatedly held that differences in time actually worked, and wages owed, was *not* enough to deny certification. *See, e.g.*, *Russell v. Life Win, Inc.*, *et. al.*, Case No. 8:11-cv-2802-RAL-TBM, Doc. No. 25, Page 9 (M.D. Fla. April 23, 2012).

And that rule still makes sense here, even under *Swales*. If a defendant could defeat certification just by saying that potential opt-ins likely worked a different number of hours and may be owed differing amounts, then it is hard to imagine a case where a court would ever authorize notice to allow plaintiffs to proceed collectively.

### 2. Plaintiff's tip pooling claim can be resolved collectively.

At each of the locations where Defendants utilize a tip pool, Customer Service Representatives ("CSRs") are included in the tip pool. While CSRs receive tips, they don't receive them directly; its simply a function of the tip pool that Defendants themselves have created. Furthermore, the record at this point suggests that CSRs had at least some management responsibilities. For example, they attended management meetings. Corp. Rep. Dep. at 86. They also validate service staff knowledge for an hourly employee training program. *Id.* at 90.

Defendant claims that including CSRs in the tip pool was approximately because they were not management employees, in Defendants' opinion. But the one case Defendants cite for that

proposition, *Rudy v. Consolidated Rest. Companies*, 2010 WL 3565418 (N.D. Tex. Aug. 18, 2010), is a pre-*Swales* case issued after full discovery and briefing on summary judgment. It isn't binding on this Court, and given the procedural differences, the Court shouldn't follow it.

### B.     The class can be defined to exclude individuals who should not participate.

One of Defendants' main concerns is that the definition offered by Plaintiff and the Opt-In Plaintiffs potentially includes individuals who are subject to an arbitration agreement. Opp. at 21. But that concern is easily remedied by excluding any individual subject to an arbitration agreement from the definition of the opt-in class. As Defendants state in their Opposition, the arbitration agreement was not introduced to their workforce until June 22, 2021. Opp. at 11. Accordingly, there are many individuals who worked for Defendants' prior to that date who never assented to the arbitration agreement.

Furthermore, Plaintiff and the Opt-in Plaintiffs are not seeking to recover for time spent working in a job position (such as PIC) that paid at or above minimum wage. The record makes clear, however, that they performed non-tipped work at the tipped rate, and other individuals who also performed such work should be permitted to opt into this lawsuit.

### III.    Even if the court does not authorize nationwide service, it should authorize notice being said to each of the locations where Plaintiff and the Opt-In Plaintiffs worked.

While Plaintiff believes nationwide certification is appropriate here, if the Court finds otherwise, Plaintiff proposes that the Court certify a class of churrasqueiros who worked at any of the locations Plaintiff and the opt-in Plaintiffs worked. That is, the stores located in the following markets: Atlanta, Georgia; Dunwoody, Georgia; Pittsburgh, Pennsylvania; Jacksonville, Florida; and Detroit, Michigan. Based on the record evidence, Plaintiff and the opt-in Plaintiffs have direct

knowledge of the operations in each of these locations based on their personal experience.

At least one other district court has taken a similar approach. *See Lopez-Gonzales v. Ramos*, 2021 WL 3192171, at *4–5 (N.D. Tex.) (granting plaintiff's motion for certification of collective action involving tip pooling allegations under *Swales* standard for location where Plaintiff worked).[1]

### IV. Notice should be given within a three-year statute of limitations.

Defendants also complain that a three-year statute of limitations should not be used here because, it says, there's no evidence of willfulness. Whether Defendant's violations of the FLSA here were willful is an issue going to the merits of the case and not whether notice should be issued to potential claimants. *See Villatoro v. Kim Son Restaurant, L.P.*, 286 F.Supp.2d 807, 811 (S.D. Tex. 2003).

The facts concerning willfulness can be elicited during full discovery, and Defendant may challenge the three-year statute of limitations again at an appropriate time. Furthermore, if the Court authorizes notice for a three-year statute of limitations period now, it avoids the potential of having to authorize notice to another group of churrasqueiros at a later time. Thus, notice should go to all individuals who were employed by Defendant during the three-year period preceding the Court's ruling on the instant Motion.

### V. CONCLUSION

For all the foregoing reasons, as well as those set forth in Plaintiff's Motion, the Court should authorize nationwide notice to churrasqueiros so that they may opt into this action.

---

[1] Likely recognizing this fact, Defendants do not appear to take much issue with notice being sent to potential opt-in plaintiffs who worked at Pittsburgh, Atlanta, and Jacksonville. *See* Opp. at 17.

Alternatively, the Court should authorize notice to churrasqueiros who worked for Defendants in Atlanta, Georgia; Dunwoody, Georgia; Pittsburgh, Pennsylvania; Jacksonville, Florida; or Detroit, Michigan.

Respectfully submitted, this the 26th day of January 2022.

**THE LEACH FIRM, P.A.**
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: 407-574-4999, Ext. 403
Facsimile:  833-423-5864

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
FL Bar No. 0540021
cleach@theleachfirm.com

**FORESTER HAYNIE PLLC**
400 N. St Paul St, Suite 700
Dallas, TX 75201
Telephone: 214-210-2100
Facsimile:  469-399-1070

*/s/ Jay Forester*
Jay Forester, Esq.
TX Bar No. 24087532
jforester@foresterhaynie.com
Katherine I. Serrano, Esq.
TX Bar No. 24110764
kserrano@foresterhaynie.com

**RICHARD CELLER LEGAL, P.A.**
10368 W. SR 84, Suite 103
Davie, FL 33314
Telephone:  866-344-9243
Facsimile:   954-337-2771

*/s/Noah E. Storch*
Noah E. Storch, Esq.
FL Bar No. 0085476
noah@floridaovertimelawyer.com
Richard Celler, Esq.
FL Bar No. 0173370
richard@floridaovertimelawyer.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to such filing to all counsel of record.

| Paul Scheck, Esq.<br>Mary Ruth Houston, Esq.<br>**Shutts & Bowen LLP**<br>300 S. Orange Avenue<br>Suite 1600<br>Orlando, FL 32801<br>pscheck@shutts.com<br>mhouston@shutts.com | Patrick F. Hulla, Esq.<br>**Ogletree, Deakins, Nash,**<br>**Smoak & Stewart, P.C**.<br>4520 Main Street<br>Suite 400<br>Kansas City, MO 64111<br>Patrick.hull@ogletree.com | Victoria L. Vish, Esq.<br>**Ogletree, Deakins, Nash,**<br>**Smoak & Stewart, P.C.**<br>Preston Commons West<br>8117 Preston Road<br>Suite 500<br>Dallas, TX 75225<br>victoria.vish@ogletree.com |
|---|---|---|

I also certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local CV-10(a)(5).

Respectfully submitted this 26th day of January 2022.

*/s/ Adeash Lakraj*
Adeash Lakraj, Esq. (a*dmitted pro hac vice*)
Georgia Bar No. 444848
alakraj@theleachfirm.com

## COMPLIANCE WITH LOCAL RULE 7.6

Pursuant to Local Rule 7.6, Plaintiff's counsel certifies that he has contacted Defendants' counsel in a good faith effort to resolve the issues raised by this Motion, and Defendant opposes the motion but has not given any reason for its opposition.

Dated this 26th day of January 2022.

/s/ *Adeash Lakraj*
Adeash Lakraj, Esq. (a*dmitted pro hac vice)*
Georgia Bar No. 444848
alakraj@theleachfirm.com