UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**CHRISTIAN GARCIA-ALVAREZ, on
behalf of himself and those similarly
situated,**

     **Plaintiffs,**          Case No.: **4:21-cv-124-ALM**

**v.**

**FOGO DE CHAO CHURRASCARIA
(PITTSBURGH) LLC,** *et al.*,

     **Defendants.**
_____/

## JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

Plaintiffs, CHRISTIAN GARCIA-ALVAREZ, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Garcia-Alvarez"), JOSE MENDEZ-ORTIZ, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Mendez-Ortiz"), and AXEL TORRES-NIEVES, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Torres-Nieves"), (Garcia-Alvarez, Mendez-Ortiz, and Torres-Nieves are referred to collectively herein as the "Named Plaintiffs"), individually and on behalf of all of the collective action opt-in plaintiffs (the "Collective Action Opt-In Plaintiffs"), and Defendants, Fogo De Chao Churrascaria (Pittsburgh) LLC, Fogo De Chao Churrascaria (King of Prussia) LLC, Fogo De Chao Churrascaria (Philadelphia) LLC, Fogo De Chao Churrascaria (Phoenix) LLC, Fogo De Chao Churrascaria (Denver) LLC, Fogo De Chao Churrascaria (Park Meadow) LLC, Fogo De Chao Churrascaria (Washington, D.C.) LLC, Fogo De Chao Churrascaria (Atlanta) LLC, Fogo De Chao Churrascaria (Dunwoody Atlanta) LLC, Fogo De Chao Churrascaria (Naperville) LLC, Fogo De

Chao Churrascaria (Chicago) LLC, Fogo De Chao Churrascaria (Oak Brook Illinois) LLC, Fogo De Chao Churrascaria (Old Orchard) LLC, Fogo De Chao Churrascaria (Rosemont) LLC, Fogo De Chao Churrascaria (Indianapolis) LLC, Fogo De Chao Churrascaria (New Orleans) LLC, Fogo De Chao Churrascaria (Baltimore) LLC, Fogo De Chao Churrascaria (Bethesda) LLC, Fogo De Chao Churrascaria (Boston) LLC, Fogo De Chao Churrascaria (Burlington) LLC, Fogo De Chao Churrascaria (Troy) LLC, Fogo De Chao Churrascaria (Kansas City) LLC, Fogo De Chao Churrascaria (St. Louis) LLC, Fogo De Chao Churrascaria (Summerlin) LLC, Fogo De Chao Churrascaria (Long Island) LLC, Fogo De Chao 53rd Street, New York LLC, Fogo De Chao Churrascaria (White Plains) LLC, Fogo De Chao Churrascaria (Austin) LLC, Fogo De Chao Churrascaria (Legacy Plano) LLC, Fogo De Chao Churrascaria (Dallas) LLC, Fogo De Chao (Holdings), Inc., Fogo De Chao Churrascaria (Holdings) LLC, Fogo De Chao Churrascaria (Houston) LLC, Fogo De Chao Churrascaria (San Antonio) LLC, Fogo De Chao Churrascaria (Texas GP) LLC, Fogo De Chao Churrascaria (Tysons) LLC, Fogo De Chao Churrascaria (Orlando) LLC, Fogo De Chao Churrascaria (Jacksonville) LLC, Fogo De Chao Churrascaria (Miami) LLC, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors, and administrators (collectively, "FOGO") ("Plaintiffs" and "Defendants" collectively referred to as the "Parties"), by and through their respective attorneys, hereby inform the Court that the Parties have reached a resolution of this matter.  The Parties hereby move for approval of their Settlement Agreement and Release (the "Settlement Agreement") and request that the Court enter the Stipulated Judgment and order the dismissal of this case with prejudice.

The facts, arguments, and legal authority in support of the Parties' Joint Motion are contained in their Memorandum of Law in Support of Joint Motion for Approval of FLSA Collective Action Settlement, which is being filed simultaneously and incorporated herein by

reference.  For the reasons set forth herein, the Parties submit that the Settlement Agreement is fair

and reasonable, and the Court should approve the Agreement.

WHEREFORE, the Parties pray the Court approve the Settlement Agreement as requested

and enter a Stipulated Judgment directing consummation of the Settlement Agreement and dismiss

the case with prejudice.

Respectfully submitted this 22nd day of November, 2023.

_s/Adeash Lakraj_
Carlos V. Leach, Esq.
FL Bar No. 0540021
Adeash Lakraj, Esq. (_pro hac vice_)
GA Bar No. 444848
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: alakraj@theleachfirm.com
Email: cleach@theleachfirm.com
Email: yhernandez@theleachfirm.com


_s/Jay Forester_
Jay Forester, Esq.
TX Bar No. 24087532
Katherine I. Serrano, Esq.
TX Bar No. 24110764
FORESTER HAYNIE PLLC
400 N. St. Paul St., Suite 700
Dallas, Texas 75201
Telephone: (214) 210-2100
Facsimile: (469) 399-1070
Email: jforester@foresterhaynie.com
Email: kserrano@foresterhaynie.com


_s/Noah E. Storch_
Richard Cellar, Esq.
FL Bar No. 0173370
Noah Storch, Esq.
FL Bar No. 0085476
RICHARD CELLAR LEGAL, P.A.
10368 W. SR 84, Suite 103

_s/ Paul J. Scheck_
Paul J. Scheck (pro hac vice)
FL Bar No.:  028487
Mary Ruth Houston, Esq. (pro hac vice)
FL Bar No.: 834440
SHUTTS & BOWEN LLP
300 South Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 423-3200
E-mail: mhouston@shutts.com
E-mail: pscheck@shutts.com


_s/ Patrick F. Hulla_
Patrick F. Hulla, Esq. (_pro hac vice_)
MO Bar No. 41745
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: (816) 410-2226
Email: patrick.hulla@ogletree.com
**_Attorneys for Defendant_**

Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: noah@floridaovertimelawyer.com
Email: richard@floridaovertimelawyer.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**CHRISTIAN GARCIA-ALVAREZ, on
behalf of himself and those similarly
situated,**

     **Plaintiffs,**            **Case No.: 4:21-cv-124-ALM**

**v.**

**FOGO DE CHAO CHURRASCARIA
(PITTSBURGH) LLC,** *et al.***,**

     **Defendants.**
_____/

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

## I.    INTRODUCTION

Plaintiff, CHRISTIAN GARCIA-ALVAREZ (the "Named Plaintiff") filed this collective

action under the Fair Labor Standards Act ("FLSA"), alleging that Defendants, FOGO DE CHAO

CHURRASCARIA, et al.  ("Defendants") failed to pay him and others similarly situated,

minimum wages under the FLSA and the Pennsylvania Minimum Wage Act ("PMWA"), later

adding allegations that Defendants violated the Florida Constitution, Article X, Sec. 24.  *See* ECF

No. 52.  The Court granted Plaintiff's Motion for Conditional Certification on June 13, 2022,

permitting notice of the claims to be sent to an agreed upon defined putative group of employees

of Defendants.  *See* ECF No. 79.  A total of fifty-three (53) individuals have joined the instant

case.

Following careful investigation, including written discovery, depositions, and in-person

mediation in Miami, Florida, contested motion practice regarding arbitration agreements and

conditional certification, as well as exhaustive post-mediation settlement negotiations after

mediation did not result in a settlement, the Parties have finally agreed, subject to Court approval, to resolve the collective action overtime claims asserted in the Lawsuit.  The Parties analyzed and evaluated the merits of the claims and, based upon the Parties' analysis and evaluation, including recognizing the substantial risks of continued litigation, it is in the best interests of the Parties to resolve this matter.

For the reasons explained in detail below, the Parties request this Court to enter an Order, in the proposed form attached hereto as **Exhibit 1,** approving: (i) the settlement set forth in the Settlement Agreement and Release ("Settlement Agreement") attached hereto as **Exhibit 2**; (ii) the Parties' proposed notice and the mailing of the Notice and Settlement Check attached hereto as **Exhibit 3**; and (iii) Plaintiffs' Counsel's request for reasonable attorneys' fees and reimbursement of costs and expenses.

## II.    FACTUAL BACKGROUND

### A.    Factual Allegations

Defendants are  the owners and operators of approximately forty (40) "Fogo De Chao" steakhouse restaurants throughout the country.  Plaintiff, on behalf of himself and those similarly situated, alleged that he worked as a churrasqueiro at several of Defendant's locations where he was denied minimum wage under the FLSA.  According to Plaintiffs, while each of Defendants' restaurants is structured as its own entity, all follow the same centralized policies.  Defendant paid a reduced tipped minimum wage rate, plus tips, and that Defendant subjected Plaintiff and the Opt-In Plaintiffs to the same illegal practice and policy by forcing them to participate in a tip pool contribution plan that includes non-traditionally tipped employees.  Defendant also required Plaintiffs and the Opt-In Plaintiffs to perform non-tipped work, more than twenty percent of the time, but illegally pays at the tipped minimum wage rate, thereby causing Plaintiff and Opt-In Plaintiff to be paid less than the required minimum wage.  Therefore, Plaintiff and Opt-In Plaintiffs

2

were not guaranteed at least the full minimum wage for all hours worked.  As a result, Plaintiff

and Opt-In Plaintiffs were/are owed full and proper payment of minimum wages and improperly

withheld tips.

Defendant, on the other hand, denies any liability or wrongdoing of any kind, and contends

that at all times, Plaintiff and Opt-In Plaintiffs were properly paid and that Defendant's pay

practices were/are in compliance with the law.

    **B.**    **Overview of Litigation and Settlement Negotiations.**

As stated above, Plaintiff filed this collective action under the FLSA asserting that

Defendant failed to pay him and others similarly situated, minimum wages under the FLSA and

the PMWA, later adding allegations that Defendants violated the Florida Constitution, Article X,

Sec. 24.  *See* ECF No. 52.  Defendant denies the allegations.

Plaintiffs filed their Motion for Conditional Certification on December 8, 2021. *See* ECF

no. 69.  On January 12, 2022, Defendants filed their Response in Opposition to Plaintiff's Motion

for Conditional Certification. *See* ECF No. 76.  On January 26, 2022, Plaintiff filed the Reply to

Defendant's Response to Plaintiff's Motion for Conditional Certification. *See* ECF No. 78.

Defendant deposed the Named Plaintiff, and Opt-In Plaintiffs Torres and Mendez.  In

addition, Plaintiff deposed Defendants' Corporate Representative with regard to many areas of

inquiry.

The Court conditionally certified a collective consisting of:

> All carvers (churrasqueiros) who worked for Defendant nationwide during the last
> three (3) years preceding the lawsuit that were paid pursuant to the 'tip credit' (less
> than minimum wage plus tips), participated in a tip pool contribution plan that
> included Customer Service Representatives, and claim they are owed minimum
> wage.

*See* ECF No. 79.  Notice and Consent Forms were issued, and, ultimately, 53 total individuals have

joined the instant case, including the Named Plaintiff.  Every Opt-In Plaintiff executed the same

Consent to Join form, which stated that each such individual authorized the Named Plaintiff to prosecute the case in his/her name, and on his/her behalf, and designated the Named Plaintiff to make decisions on his/her behalf concerning the litigation, including negotiating a resolution of claims.

The Parties engaged in discovery and depositions. The Parties also attended mediation in Miami, Florida with an experienced wage and hour mediator. The Parties were unable to resolve the matter at mediation. The Parties continued their settlement discussions after mediation and were able to reach a settlement.

 In reaching this settlement, the Parties considered the substantial risks they both faced, and the expenses already incurred after years of litigation, and the expenses to be incurred going forward. Defendant intended to file a Motion for Decertification as well as a Motion for Summary Judgment. Plaintiff also intended on filing a Motion for Summary Judgment. Defendant maintains that Plaintiff's allegations are not accurate, and that all payments to Plaintiff and Opt-In Plaintiffs were correct.

The Parties have finalized the Settlement Agreement as well as the instant motion. The Parties respectfully request that this Court approve and enforce the terms of the proposed Settlement Agreement.

## III.    PROPOSED SETTLEMENT TERMS

### A.    The Settlement Checks & Allocation Formula.

The Parties agreed to settle for a gross total of $400,000.00, of which $150,000.00 will be apportioned amongst the Named Plaintiff and Opt-In Plaintiffs, and $250,000.00 will be paid as attorneys' fees and costs.

In consideration for settlement and a release of the claims asserted in the Operative Complaint, Named Plaintiff and Opt-In Plaintiffs shall receive a Settlement Check as set forth in

4

the Settlement Agreement.  *See* **Exhibit 2**. Each class member's time sheet and payroll data has been reviewed, and Named Plaintiff and Opt-In Plaintiffs will receive a proportional/prorated amount based on the total number of weeks in the relevant time period in which they worked for Defendants.  50% of the payment to the Named Plaintiff and Opt-In Plaintiffs will be treated as back wages and 50% of such payment will be treated as liquidated damages.  Ex. 2. The 50% portion of the Settlement Check that is treated as owed wages will be made net of all applicable employment taxes, including, without limitation, federal, state, and local income tax withholding and the employee share of the FICA tax.  Ex. 2.  This portion of the Settlement Check will be reported under the Named Plaintiff and/or Opt-In Plaintiff's Social Security Number on an IRS Form W-2.  *Id.*  The remaining 50% liquidated damages portion shall be made without withholdings and shall be reported as earned in the year of payment to the IRS. *Id.*  This portion of the Settlement Check will be reported under the Named Plaintiff and/or Opt-In Plaintiff's name and Social Security Number on an IRS Form 1099. *Id.*

### B.    Release

Named Plaintiff and Opt-In Plaintiffs who participate in the settlement will release their claims under the FLSA, the PMWA, and any applicable state or local law claims based on the state or locality in which each Named Plaintiff or Opt-In Plaintiffs provided to Defendants, and any other statutory, regulatory and/or common law claims for alleged unpaid wages, unpaid minimum wages, unpaid overtime wages, or other compensation, liquidated damages, statutory damages and/or penalties, interest, costs and attorneys' fees, based on any conduct occurring from the beginning of the world to the date of execution of the Settlement Agreement.  By negotiating, cashing, or depositing the Settlement Check, the Eligible Settlement Class Members will release the aforementioned claims.  The Notice mailed to the Eligible Settlement Class Members, and the reverse side of each Settlement Check, above the space for endorsement, will include settlement

and release language in favor of Defendant.  *See* **Exhibit 2**.

Any Eligible Settlement Class Member who does not timely sign and cash a Settlement Check will not be bound by any release of claims.

### C.    Notice to the Opt-In Plaintiffs and Distribution of Settlement Checks.

Defendants shall issue and deliver all settlement checks via first class mail addressed to the respective Named Plaintiffs and Collective Action Opt-In Plaintiffs, pursuant to the payment distribution information provided by Plaintiffs' counsel. All payments to Named Plaintiffs or Collective Action Opt-In Plaintiffs shall be delivered to Plaintiffs' counsel within twenty-one (21) calendar days of the final deadline for individuals to return the documents required in Section 2(e) of the Settlement Agreement. The payment for attorneys' fees and costs shall be delivered to Plaintiffs' counsel within fourteen (14) calendar days of the Court's approval of the settlement.

### D.    Attorneys' Fees and Litigation Costs.

Under the Settlement Agreement, and subject to Court approval, Plaintiffs' Counsel seeks $250,000.00 in attorneys' fees and costs incurred in litigating and resolving this matter.  These amounts were negotiated separately from those amounts proposed to be paid to the Plaintiff and Opt-In Plaintiffs.  These amounts are fair and reasonable, given the fees and costs incurred in this matter, the Defendants' vigorous defense, and the excellent result obtained on behalf of Plaintiff and the Opt-In Plaintiffs. Plaintiffs' Counsel also assert that they are highly experienced in wage and hour collective actions and have extensive experience litigating FLSA collective actions. *See* **Exhibit 4.**

As stated in *Vogenberger v. ATC Fitness Cape Coral, LLC*, Case No. 2:14-cv-436-FtM-29CM, 2015 WL 1883537, at *4, (M.D. Fla., Order of April 15, 2015), in an FLSA case, "[a]lthough the Court must consider the reasonableness of any award of attorney's fees, it is not

required to conduct an in-depth analysis of the award unless it is unreasonable on its face." 2015 WL 1883537, at *5 (finding the requested fees reasonable "upon consideration of the time and effort spent by Plaintiffs' counsel, his experience litigating FLSA collective actions, as represented by the parties, and the time and effort by Plaintiffs' counsel that still will be necessary to effectuate the settlement"); *see also King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).  The Plaintiffs actively participated in negotiation of the settlement, including separate negotiation of the attorneys' fees and costs.  The attorneys' fees and costs are reasonable in light of the extensive time spent by Plaintiffs' Counsels litigating this case and obtaining an excellent result for the Plaintiffs and Opt-In Plaintiffs. *See* **Exhibit 4.**

Plaintiffs' counsel spent approximately 720 hours prosecuting this case and have an actual lodestar in excess of $324,000.00.  Plaintiffs' counsel anticipates incurring an additional 30 hours or so to oversee the settlement process, including the drafting of the settlement documents, and joint motion for approval, and thus, ultimately lodestar will exceed $337,500.00 but in settlement, the separately negotiated fees and costs sought are $250,000.00.

## ARGUMENT

### IV.    THE SETTLEMENT IS FAIR AND REASONABLE AND SHOULD BE APPROVED.

The decision to approve a class action settlement is left to the district court's sound discretion. *Lee v. Metrocare Servs*., 2015 WL 13729679, at *1 (N.D. Tex. July 1, 2015) (citing *Newby v. Enron Corp.*, 394 F.3d 296, 300 (5th Cir. 2004)). In many FLSA actions in the Fifth Circuit and throughout the country, a one-step approval process is appropriate in FLSA settlements that do not include Rule 23 classes. *See e.g. Id; Jones v. JGC Dallas LLC*, 2014 WL 7332551, at *2 (N.D. Tex. Nov. 12, 2014). Collective actions under Section 216(b) require workers

to affirmatively opt-in to the litigation, unlike in a Federal Rules of Civil Procedure 23 class action. *Id*.

Unlike Rule 23, Section 216(b) does not require the standard preliminary approval proceedings, fairness hearings and final approval proceedings. *See Jones,* 2014 WL 7332551 at *3. Still, the Court has a duty to determine whether the proposed settlement is i) a fair and reasonable resolution of ii) a bona fide dispute over FLSA provisions. *Id.*at *2 (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 350, 1353 (11th Cir.1982)); *Sims,* 2012 WL 10862119 at *2. Courts approve wage and hour settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *Id.* If the proposed settlement reflects a reasonable compromise over contested issues, the Court should approve the settlement. *Lynn's Food Stores, Inc.,* 679 F.2d 350 at 1353. It is a well settled principle that "[p]articularly in class action suits, there is an overriding public interest in favor of settlement". *See Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir.1977).

A.    ***Bona Fide*** **Dispute.**

The settlement occurred over three (3) years after Plaintiffs initiated the costly and time-consuming litigation, and after the Parties engaged in contentious motion practice, discovery, exchange of voluminous documentations, and depositions, as well as in-person mediation in Miami, Florida. During the entire process, Plaintiffs and Defendants were represented by counsel experienced in wage and hour law. The settlement was the result of arm's length negotiations.

Recognizing the uncertain legal and factual issues involved, the expense of proceeding with representative discovery, the risks to both sides in briefing motions for decertification and summary judgment, the Parties reached the settlement pending before the Court. In short, this long-fought case reflects a bona fide dispute in a contested litigation, and as such, the settlement enjoys

8

a presumption of fairness. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *Escalante v. STX Process Equip., LLC,* No. C-11-53 (S.D. Tex. Aug. 3, 2011) ("Where a settlement in an FLSA case reflects a reasonable compromise over issues in dispute, a court should approve the settlement in order to promote the policy of encouraging settlement of litigation.") (internal citations omitted); *Sims,* 2012 WL 10862119, at *3 (finding a bona fide dispute existed as a result of the filings, documentation, hearings, discovery and motions in a FLSA collective action); *Vassallo v. Goodman Networks, Inc.,* 2016 WL 6037847, at *1 (E.D. Tex. Oct. 14, 2016) (finding a bonafide dispute existed when the Parties disputed whether the plaintiffs were correctly classified as exempt under the FLSA).

### B.  The Settlement is a Fair and Reasonable Resolution.

As a framework for determining what is fair and reasonable, courts in the Fifth Circuit consider the following factors in evaluating the fairness of a class action settlement:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.

*Jones,* 2014 WL 7332551, at *4 (*citing Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)); *Sims,* 2012 WL 10862119, at *3–4 (citing *Reed v. Gen. Motors Corp*., 703 F.2d 170, 172 (5th Cir. 1983)). When considering these factors, the Court also should keep in mind the presumption in favor of finding a settlement fair and the overriding public interest in favor of settlement. *Lee v. Metrocare Servs*., 2015 WL 13729679, at *3 (N.D. Tex. July 1, 2015) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

### i.        There is No Fraud or Collusion Behind the Settlement.

"The Court may presume that no fraud or collusion occurred between counsel in the absence of any evidence to the contrary." *Lee v. Metrocare Servs.,* 2015 WL 13729679, at *5 (N.D. Tex. July 1, 2015); *Jones v. JGC Dallas LLC*, 2014 WL 7332551, at *2 (N.D. Tex. Nov. 12, 2014) (finding no evidence of fraud or collusion where "the settlement agreement was a result of arms-length negotiations by experienced counsel on both sides"). Here, there is no evidence of fraud or collusion. The settlement was the result of intense adversarial arm's length negotiations that took place after detailed investigation, discovery involving the production of voluminous documentation, depositions of the Named Plaintiff and Opt In Plaintiffs, motion practice and months of hard negotiations in finalizing the settlement agreement, which occurred only after an in-person mediation in Miami, Florida was unsuccessful. Attorneys on both sides are experienced and specialize in wage and hour cases. Accordingly, the settlement agreement was not a product of fraud or collusion.

### ii.        Complexity, Length, and Expense of Further Litigation.

A second factor to be considered by the Court is the complexity, length, and expense of litigation that will be spared by the proposed settlement. "When the prospect of ongoing litigation threatens to impose high costs of time and money on the Parties, the reasonableness of approving a mutually-agreeable settlement is strengthened." *Vassallo v. Goodman Networks, Inc.,* 2016 WL 6037847, at *2 (E.D. Tex. Oct. 14, 2016). This case is a complex, collective action that carried significant risks for the Parties as to both legal and factual issues. The Parties agreed to settle the case in order to avoid the burden, expense, and uncertainty of litigating Plaintiffs' claims and Defendants' defenses.  Continuing litigation would have required the Parties to prepare for the

burden and expense and uncertainties of motions to decertify the collective and for summary judgment.

There is also no question that litigating the case to trial would require substantial time and expenses in addition to that already expended. A trial to be conducted relating to the claims of this many Opt-in Plaintiffs and the defenses raised by Defendants with respect to the collective poses its own set of complexities, ranging from various legal and factual issues and proof issues, but also to coordinating testifying Opt-ins from states across the country. Post-trial litigation, including appeals, would be a near certainty. It is safe to assume that trial preparation, trial and post-trial litigation would consume another year or more of effort and expense before there would be finality in this already three year litigation. Thus, additional litigation undoubtedly would increase the expenses and complexity of this litigation.

### iii.    The Stage of the Proceeding and Amount of Discovery Completed.

The goal of the third factor – the stage of the proceedings and the amount of discovery – is to "evaluate whether 'the Parties and the district court possess ample information with which to evaluate the merits of the competing positions.'" *Vassallo v. Goodman Networks, Inc.,* 2016 WL 6037847, at *2 (E.D. Tex. Oct. 14, 2016). This case was resolved after three (3) years of hard-fought litigation.   Thus, the Parties fully and fairly evaluated the merits of their respective positions, and this factor favors approval of the settlement.

### iv.    The Probability of Plaintiffs' Success on the Merits.

Plaintiffs remain steadfast about the validity and merits of their claims. However, they acknowledge that risks remain regarding whether they ultimately would have prevailed on those claims. Those risks include defeating decertification motions, succeeding at the liability and damages phases of trial and post-trial motions and any appeals. *Jones,* 2014 WL 7332551, at *4

(approving a FLSA collective settlement agreement when the issue of decertification was avoided because of the settlement).

### a.    Decertification

There is a risk that Defendants could succeed on their anticipated motion for decertification. The Named Plaintiff and Opt-in Plaintiffs worked at various locations nationwide. Defendants assert that each location is independent of one another.

### b.    Trial

If the Opt-In Plaintiffs had defeated a motion for decertification, the risk and uncertainty associated with trial would still remain. Defendants would have argued that these witnesses cannot be representative of the experiences of the other Opt-in Plaintiffs who worked at various different locations, and at different times during the recovery period. Additionally, Defendants would have again raised all of their defenses under the FLSA. Defendants further contend that they have witnesses, company policies, and documents, that all support the fact that Plaintiff and Opt-In Plaintiffs were properly compensated.   Nonetheless, Plaintiffs would have argued that they should prevail on the merits of their claim.

Ultimately, the Parties have removed the uncertainty of trial by resolving this matter as outlined in this Settlement Agreement.

### c.    Appeal

There was also a risk that if Plaintiffs succeeded at the trial stage, Defendants would succeed on appeal. It is likely that Defendants would have appealed any adverse decertification rulings and trial rulings, resulting in further delay.

### v.    The Range of Recovery.

The settlement amount of $400,000.00 is favorable and provides the collective action members significant consideration for their alleged claims. The settlement brings the Plaintiffs significant monetary value, now, not years from now, and provides certainty about the outcome. Here, the Parties also disagreed with the applicable statute of limitations, as well as whether liquidated damages would be recoverable. Defendants maintained that, even if Plaintiffs prevailed, Plaintiffs could not meet their burden to demonstrate that Defendants' conduct was willful thereby triggering additional liability/liquidated damages. Each Plaintiff has recovered both wages and liquidated damages under the Settlement Agreement. Ex. 2. Each Eligible Settlement Class Member will receive compensation proportionate to the amount of workweeks and hours each worked for Defendants.

Further, the guarantee of payments within the next few months, rather than waiting for years of litigation and appeals, renders the value of this settlement even more compelling.

Although the maximum possible award at trial could be larger than the settlement amount, there was a significant chance it could also be lower, or non-existent. The inquiry as to whether a settlement is reasonable examines the benefits of the settlement in light of the risks of establishing liability and damages. *See e.g. Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (affirming a district court's approval of a settlement after properly comparing the settlement amount and the likely rewards the class would have received following a successful trial of the case); *Vassallo v. Goodman Networks, Inc.*, 2016 WL 6037847, at *3 (E.D. Tex. Oct. 14, 2016) (finding settlement of FLSA claims to be reasonable in light of uncertainties involved in the litigation when liability and the amount of damages were disputed by the Parties); *Tittle v. Enron Corp.*, 228 F.R.D 541 (S.D. Tex. 2005) (approving a settlement amount below the possible recovery amount). Here, all

Parties believe that the settlement amount is a reasonable and fair evaluation of the Plaintiffs' claims.

### vi.    The Opinions of Counsel.

The experience of the Parties' respective counsel in litigating and negotiating complex wage and hour disputes likewise strongly favors approving the settlement. When reviewing settlement agreements, courts are "entitled to rely upon the judgment of experienced counsel for the Parties .... [and] absent fraud, collusion, or the like, [courts] should be hesitant to substitute its own judgment for that of counsel." *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir.1977); *Jones,* 2014 WL 7332551 at *5.

The terms of the Settlement Agreement were approved by Plaintiffs, their counsel, Defendant, and Defendant's counsel.  Plaintiffs' Counsel had an immense amount of information to evaluate, negotiate, and make well-informed judgments about the adequacy of the settlement. In lead counsel's opinion, the settlement is fair, reasonable, and adequate. *Id.* Also, in the view of Plaintiffs' Counsel, the settlement provides substantial benefits to the Plaintiffs, especially when one considers, among other things, the attendant expense, risks of overcoming the exemption defense for the highest position in the store (store manager), difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings. *Id.* Because this settlement is fair, adequate, and eminently reasonable, it should be approved. *See Murillo*, 921 F. Supp. 443 at 445.

## V.    THE COURT SHOULD APPROVE THE NOTICE.

The Court should approve the proposed Notice attached as **Exhibit 3**.  The proposed Notice sufficiently informs each Eligible Settlement Class Member of the general terms of the Stipulation and Settlement Agreement, stating the amount allocated to the Eligible Settlement Class Member, including the Settlement Check to which they are entitled, tax treatment of the award, the scope of the release, and how to retain their claims and not participate in the settlement, if he/she so chooses.

14

*Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, 2016 WL 5109196, at *2 (N.D. Ill. Sept. 16, 2016) (approving class notice that, *inter alia*, described settlement terms and individual fee allocation); *see also Bozak v. FedEx Ground Package Sys., Inc.*, No. 11 Civ. 738, 2014 WL 3778211, at *3 (D. Conn. July 31, 2014) (approving FLSA notice providing notice of settlement terms and options facing class).

## VII.    ATTORNEY'S FEES AND COSTS.

Pursuant to 29 U.S.C. § 216(b), the Plaintiffs are entitled to an award of reasonable attorneys' fees and expenses. In cases involving a fee-shifting statute, the Supreme Court has expressed a preference that the Parties agree to the amount of the fee: "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Here, Plaintiffs' Counsel negotiated its attorneys' fees not be based on a percentage of the fund, but rather fees and costs were separately negotiated based on Plaintiffs' Counsel's lodestar in this litigation.  The fee agreed to by the parties is less than Plaintiffs' Counsel's "lodestar" fees. "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black v. SettlePou, PC*, 732 F.3d 492, 502 (5th Cir. 2013) (citations omitted).  There is a strong presumption that the lodestar is a reasonable amount.  *Perdue v. Kenny A.*, 559 U.S. 542, 552, 130 S. Ct. 1662, 176 L. Ed 2d 494 (2010).

After the Court determines the lodestar, the Court must determine whether it should be adjusted based on the circumstances of the case and the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974), *abrogated on other grounds by*

15

*Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1988).[1]  The application of the *Johnson* factors to this case supports the reasonableness of the attorneys' fees sought in this case.

Plaintiffs' counsel—experienced labor and employment lawyers—dedicated a substantial amount of effort, time and labor to this case.  (Ex. 4, Plaintiffs' Counsel Declaration). Since the inception of the lawsuit, the litigation has been hotly contested every step of the way.  Defendant strongly disputed liability, and asserted multiple defenses throughout the litigation.  The parties fought very strongly, engaging in Motion practice related to the Defendants' Arbitration Agreement and Conditional Certification.  Defendants took the depositions of the Named Plaintiff and Opt In Plaintiffs.  The Parties engaged in discovery and shared voluminous documentation.

After incurring significant expense, the Parties attempted mediation of this case in Miami, Florida, which was unsuccessful.  The Parties began preparation for additional discovery, both written and depositions, and had extensive briefing related to decertification and summary judgment coming down the road.  Seeing the significant work ahead, the Parties continued their efforts at resolution, and were able to reach a settlement.

Here, the Parties separately negotiated Plaintiffs' Counsel fees and costs of $250,000.00.  Thus, the Court's award of attorneys' fees and costs will not reduce, diminish or otherwise compromise the separate payments to the Eligible Settlement Class Members.  Rather, the attorneys' fees and costs are above and beyond the amount to be paid to the Eligible Settlement

---

[1] The factors set forth in *Johnson* are: (1) the time and labor required, [*4] (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Class Members, and were agreed upon after determining the backpay to the Plaintiffs and Opt-In Plaintiffs, such that their recoveries are not reduced due to the fees and costs incurred on their behalf. *See Daniels v. Prod. Mgmt. Indus., LLC*, 2018 U.S. Dist. LEXIS 76933, *10-11 (W.D. La. April 20, 2018) (approving attorney fees in FLSA case as reasonable where they are paid separate and apart from the damages to plaintiffs and do not otherwise reduce the payment to plaintiffs).

The work undertaken represents the work addressed above in connection with the investigation and filing of the lawsuit, the work undertaken in conjunction with the discovery in the case and the work involved in negotiating and effectuating the settlement. As outlined above, the time and labor required in the prosecution of this case was substantial, considering the history of this case.

Accordingly, Plaintiffs' request for attorneys' fees and costs should be approved. Given the risks presented by this Lawsuit and the results obtained, the fee requested is decidedly reasonable. Based on our experience, we also expect that there will be significant future time spent by Plaintiffs' counsel in administering the claims process and the settlement, and speaking with Eligible Class Members about the Settlement. So, the time worked in the case alone demonstrates the reasonableness of the fee and expenses requested as part of the Settlement Agreement. Defendant does not oppose the amount of attorneys' fees and costs as set forth in the Parties' Agreement.

## VIII.  CONCLUSION

The Settlement is fair and reasonable, and parties respectfully request the Court approve the Settlement Agreement, and enter the requested Stipulated Judgment.

WHEREFORE, the Parties pray the Court approve the Settlement Agreement as requested, and enter a Stipulated Judgment directing consummation of the Settlement Agreement and dismiss

17

the case with prejudice.

Respectfully submitted this 22nd day oof November, 2023.

*s/Adeash Lakraj*
Carlos V. Leach, Esq.
FL Bar No. 0540021
Adeash Lakraj, Esq. (*pro hac vice*)
GA Bar No. 444848
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: alakraj@theleachfirm.com
Email: cleach@theleachfirm.com
Email: yhernandez@theleachfirm.com

*s/Jay Forester*
Jay Forester, Esq.
TX Bar No. 24087532
Katherine I. Serrano, Esq.
TX Bar No. 24110764
FORESTER HAYNIE PLLC
400 N. St. Paul St., Suite 700
Dallas, Texas 75201
Telephone: (214) 210-2100
Facsimile: (469) 399-1070
Email: jforester@foresterhaynie.com
Email: kserrano@foresterhaynie.com

*s/Noah E. Storch*
Richard Cellar, Esq.
FL Bar No. 0173370
Noah Storch, Esq.
FL Bar No. 0085476
RICHARD CELLAR LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: noah@floridaovertimelawyer.com
Email: richard@floridaovertimelawyer.com

**Attorneys for Plaintiff**

*s/ Paul J. Scheck*
Paul J. Scheck (pro hac vice)
FL Bar No.:  028487
Mary Ruth Houston, Esq. (pro hac vice)
FL Bar No.: 834440
SHUTTS & BOWEN LLP
300 South Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 423-3200
E-mail: mhouston@shutts.com
E-mail: pscheck@shutts.com

*s/ Patrick F. Hulla*
Patrick F. Hulla, Esq. (*pro hac vice*)
MO Bar No. 41745
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: (816) 410-2226
Email: patrick.hulla@ogletree.com

**Attorneys for Defendant**

18